**Nicholas CAVALLIOTIS, Trustee in Bankruptcy of Supreme Navigation Corporation, Bankrupt, Plaintiff-Appellee,**

v.

**Robert SALOMON and Atlantis Credit Corporation, Defendants-Appellants.**

**No. 214, Docket 30091.**

United States Court of Appeals
Second Circuit.

Argued Jan. 11, 1966.

Decided March 3, 1966.

---

Joseph M. Cohen, New York City, for appellants.

Charles Singer, New York City (Stephen Lowey, Krause, Hirsch, Gross & Heilpern, and Palmer, Masia & Palmer, New York City, on the brief), for appellee.

Before MEDINA, MOORE and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge.

This action, brought by a trustee in bankruptcy to recover alleged fraudulent transfers and preferences to the defendants, was commenced on January 18, 1962.

On March 14 and 15, 1963, pursuant to Rule 23 of the General Rules of the District Court of the Southern District of New York, the case was placed on the Review Calendar; notice of this step was mailed to the attorneys of record and was published in the New York Law Journal; an order was signed requiring plaintiff to file a note of issue or to take other action within six months on pain of dismissal; and notice of this order was mailed to plaintiff's attorneys.

On November 30, 1963, no further action having been taken by the plaintiff, Chief Judge Ryan ordered the action dismissed. Notice of the entry of this order was mailed on December 3, 1963.

The original trustee died in December 1963. Three successor trustees were elected on February 7, 1964, but two of these were removed by the Referee after they had failed to retain counsel.

The remaining trustee moved through counsel on June 29, 1965 to vacate the order of dismissal, alleging that neither he, nor the predecessor trustees, nor the counsel for any of them, had received any notice of the dismissal until June 1965. In particular, the trustee alleged that due to a misrecording by the Clerk of Court of the address of counsel for the plaintiff, the notices mailed on March 14–15 and December 3, 1963 had never reached counsel for the plaintiff.

After first denying the motion in an order of July 27, 1965, Chief Judge Ryan permitted reargument and on September 2, 1965 vacated his earlier order and ordered the action restored to the calendar. From this order, the defendants appeal.

The appellants maintain that the District Court lacked the power to grant the order of September 2, 1965, and that therefore an appeal is proper, even though the order itself is interlocutory. Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 543 (2d Cir. 1963). As in Radack, the question presented is whether the motion to vacate properly falls within the first three subdivisions of Rule 60(b)—in which case the District Court was without power to vacate the order of dismissal, since more than a year had passed since its entry—

or whether the motion falls within subdivision (6) of Rule 60(b).

*Radack* makes clear that "lack of notice of the dismissal acts as a bar to the efficacious operation of subsections (1), (2) and (3)," so that if notice of the dismissal was not received by the party seeking to vacate, "the judge has the power, in the exercise of a sound discretion, to grant relief under Rule 60(b) (6)." 318 F.2d at 542, 543. The opinion below on plaintiff's motion to reargue demonstrates that the District Court was convinced by record proof that the plaintiff and his predecessors and attorneys had not received notice of the dismissal until June 1965, and would not have learned of the dismissal in the diligent prosecution of their suit. There was ample evidence to support this conclusion: the Clerk of Court had incorrectly recorded the address of the attorneys for the plaintiff; the defendants' attorney, though knowing of the dismissal, did not inform the plaintiff; plaintiff's attorneys took depositions from the defendant Salomon while the six-month period was running; and the records of the bankruptcy proceeding indicate that at the end of 1964 and the beginning of 1965, neither the attorneys for the plaintiff nor the Referee knew of the dismissal.

Rule 60(b) (6) authorizes relief only "in the exercise of a sound discretion." *Radack,* supra, at 543. The District Court acted well within the limits of its discretion here. Although the motion to vacate was not made until some eighteen months after the entry of the order of dismissal, this is not necessarily an unreasonable delay. See Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (over four years had passed); *Radack,* supra (fifteen months); Pierre v. Bernuth, Lembcke Co., 20 F.R.D. 116 (S.D.N.Y.1956) (over three years). There is no indication that the plaintiff and his lawyers, or the previous trustees and their lawyers, received any notice of the dismissal until June of 1965. Part of the reason that they did not may be ascribed to the knowing silence of the defendants and their counsel. The conduct of the defendants set forth in plaintiff's memorandum in support of his motion for reargument—including the shipping to Switzerland of the records of the corporate defendant—indicates that the plaintiff may well have a substantial chance of success on the merits.

We conclude that the trial court had the power under Rule 60(b) (6) to grant the relief requested. The appeal must therefore be dismissed.

Appeal dismissed.