Tony WILLIAMS, Appellant,

v.

The FIVE PLATTERS, INC., Appellee.

Patent Appeal No. 74–614.

United States Court of Customs
and Patent Appeals.

Feb. 20, 1975.

Greene & Durr, New York City, attorneys of record, for appellant.

George Gottlieb, Michael I. Rackman, Gottlieb, Rackman, Reisman & Kirsch, New York City, attorneys of record, for appellee.

Before MARKEY, Chief Judge, RICH, LANE and MILLER, Judges, and ALMOND, Senior Judge.

MARKEY, Chief Judge.

Williams appeals from a decision of the Trademark Trial and Appeal Board, 181 USPQ 409 (1974), denying his motion to vacate its earlier decision which granted the motion of appellee (Platters) for summary judgment and dismissed with prejudice Williams' petition to cancel Platters' registration No. 959,115 of the mark THE PLATTERS. We affirm.

*The Facts*

Williams filed an opposition[1] to registration of the mark, alleging fraud in that the applicant was not in fact incorporated at the time the application was filed. Platters moved for dismissal with prejudice, citing a default judgment of the Supreme Court of New York against Williams and in favor of Platters. The board gave Williams time to show cause why the motion should not be granted. Williams filed no response. The opposition was dismissed on February 13, 1973, with prejudice. That the Supreme Court

---

1. Opposition No. 52,746.

of New York had vacated its judgment just five days earlier was not brought to the board's attention. Registration of the mark issued on May 15, 1973. In October 1973 Williams filed a petition to cancel that registration, relying on a re-drafted version of the same fraud allegation. Platters moved for summary judgment on the ground that the dismissal of the opposition was res judicata. Williams failed to respond. The board, under Rule 2.127(a), treated the motion as conceded and dismissed the petition with prejudice. Williams then moved, pursuant to Fed.R.Civ.P. 60(b), to vacate that decision, arguing that his failure to file a brief was due to "inadvertence, accident or mistake." The board denied the motion to vacate. Williams requested reconsideration of that decision. The board, on April 2, 1974, adhered to its decision denying the motion to vacate. One hundred and eight days after the board's decision dismissing the petition and 65 days after the board's decision denying the motion to vacate, but within 30 days of the board's decision on reconsideration, Williams filed this appeal.

### The Issue

The sole issue before us is whether the board abused its discretion in denying the motion to vacate.

■ Though both parties argue the propriety of the decision dismissing the petition, the motion to vacate did not preserve the correctness of that decision as an issue on this appeal. Smith v. Stone, 308 F.2d 15 (9th Cir. 1962). More than 60 days having transpired following that decision, Williams' appeal must be restricted to review of the board's decision denying the motion to vacate. 15 U.S.C. § 1071(a)(2).

### OPINION

Appellant argued before the board that his failure to file a brief in answer

to the motion for summary judgment was, as set forth in the affidavit of his attorney, due to the attorney's absence from his office, pressure of other work in the attorney's office, omission of the matter from the attorney's docket, and inability of the attorney to contact Williams. The board characterized, correctly we think, the reasons given as "carelessness and inattention on the part of counsel." The board did not consider the reasons given as constituting the "excusable neglect" referred to in Rule 60(b)(1). Nor do we.

■ Williams' default on his duty to file a brief in response to the motion for summary judgment was his third, following his defaults in the opposition and in the court action before the Supreme Court of New York. The reasons given by counsel are such as to evidence neglect, but not excusable neglect. Absence from one's office and pressure of work are common phenomena. Lawyers who sit constantly in their offices with little to do are unlikely to be dealing with Rule 60(b)(1). No reason was offered in justification for omitting the matter from the attorney's docket.[2] The alleged "inability" to contact Williams rested on one letter which went unanswered. If Williams was a traveling entertainer who left no forwarding addresses, that fact only serves to indicate Williams' personal neglect of the matter. Counsel's neglect of duty is not, per se, excusable neglect sufficient to entitle Williams to a fourth day in court under Rule 60(b)(1). Nor is ignorance of due dates. See, e. g., Nugent v. Yellow Cab Co., 295 F.2d 794 (7th Cir. 1961), cert. denied, 369 U.S. 828, 82 S.Ct. 844, 7 L.Ed.2d 793 (1962).

■ Williams emphasizes in his brief here that an affirmance of the board's decision would result in the condoning of Platters' "fraud." There is, however, on this record, no fraud to be "condoned."

---

2. Counsel's affidavit states that the motion should have appeared on his December docket for reply by December 18th. In fact, it was due for reply on November 27th. Whether the motion was also omitted from counsel's November docket does not appear.

Though Williams twice alleged fraud and was provided two opportunities to prove it, he declined to do so.[3] That the fraud issue was decided on default is of no moment, such decisions being as binding as those on the merits. Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929); Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 15 S.Ct. 733, 39 L.Ed. 859 (1895).

The board carefully considered the affidavit and briefs before it on the motion to vacate. Our sole function is to determine whether it abused its discretion in denying the motion. Nederlandsche Handel-Maatschappij, N. V. v. Jay Emm, Inc., 301 F.2d 114 (2d Cir. 1962). We hold that it did not. Its decision is therefore affirmed.

Affirmed.

3. The state court action in New York is currently pending. Its outcome can have no effect on our decision respecting the board's decision on the motion to vacate.