

Ross & Hardies, Joseph S. Kaplan and Michelle F. Forte, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, John J. Mahon, Washington, D.C., for defendant.

**G. HEILEMAN BREWING CO., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 86–11–01447.**

United States Court of International Trade.

May 18, 1992.

Order Amending Opinion May 19, 1992.

## OPINION AND ORDER

NEWMAN, Senior Judge.

### INTRODUCTION

This matter was reassigned to the writer on April 20, 1992. Plaintiff, G. Heileman Brewing Co., Inc. ("Heileman") moves pursuant to Rule 60(b) of the Rules of the Court of International Trade for an Order vacating the Order of Dismissal for failure to prosecute entered in this action on January 24, 1991. Heileman's basis for relief stems from an assortment of factors including clerical errors of the court, postal authorities, and inadvertence of counsel; that Heileman never received notification of the transfer of this case to the Suspension Disposition Calendar with Notice to Remove therefrom, and; that Heileman never received notice of the dismissal for

it's failure to remove this case from the Suspension Disposition Calendar.

The United States ("Government") opposes plaintiff's motion in the first instance for exceeding the prescribed statute of limitations for seeking Rule 60(b) relief, and additionally on the grounds that Heileman's "motion and supporting affidavits do not show that the dismissal for failure to prosecute was due to mistake, inadvertence surprise or excusable neglect."

## BACKGROUND

On January 12, 1988 Heileman moved for suspension of an action to contest denial of a protest concerning the Customs Service' classification of imported beer steins under *G. Heileman Brewing Co., Inc. v. United States,* Court No. 84–12–01779, 1990 WL 129489, a designated test case (the "Test Case").

Both the case at bar and the Test Case involve the same subject matter and were commenced through the Washington D.C. office of Ross & Hardies, Heileman's counsel, which relocated to a new address during the pendency of these actions. Indeed, on November 17, 1989 Ross & Hardies filed a Notice of Change of Address with the Clerk's Office. The notice, which became part of the court file in the Test Case, included the Test Case court number but through inadvertence, omitted the suspended case court number. Although the Test Case and this case were automatically linked for purposes of the Suspension Calendar, Heileman concedes that through the inadvertence of Ross & Hardies the change of address was not noted in the court file for this action.

Attorneys in Ross & Hardies' New York office conducted the trial of the Test Case and prepared the post-trial brief. The Test Case was decided in favor of Heileman in September of 1990, and ordered reliquidation of the merchandise under the tariff heading claimed by Heileman. *See* Slip.Op. 90–87. In connection therewith, on November 15, 1990 the Clerk's Office issued a Notice to Remove ("Notice") advising that the instant action had been transferred to the Suspension Disposition Calendar. A control date of January 14, 1991 signified the cutoff point whereby either the action was to be removed from that Calendar or dismissed for failure to prosecute.

The Notice was delivered by post to Ross & Hardies at its previous address in Washington, and it is evident that no subsequent action was taken to forward the Notice to counsel's new address. Neither Heileman nor its counsel ever received this Notice; the mailing envelope indicating that the Post Office had returned the Notice to the Clerk's Office was in fact ultimately located in the court file regarding this action. Thus, the January 24 cutoff date passed without removal of this case from the Suspension Disposition Calendar and the Clerk dismissed the action.

Once again, the Clerk's Office erroneously mailed the "Order of Dismissal and Notice of Entry" to Ross & Hardies' former Washington office. Plainly too, this Order of Dismissal was never received by Ross & Hardies as it was also erroneously located in the same court file, marked for return by the Post Office due to an incorrect address. No action to correct this failure was taken by the Clerk's Office. Approximately thirteen months later, in mid-February 1992, after consulting directly with the Clerk's Office, Ross & Hardies maintains that it finally uncovered the progression of these events. Thereafter, on March 23, Heileman expeditiously filed the subject motion.

## DISCUSSION

In the instant matter, a combination of factors prevented Heileman from receiving notification of either the transfer of this case from the Suspension Calendar to the Suspension Disposition Calendar, or of the dismissal. The error by Heileman's counsel in failing to ensure that the court file included the change of address is one factor. This mistake was compounded by the inactivity and failure of the Clerk's Office when it received the unopened notices returned in the mail, in failing to ensure that Heileman received them. Yet a further important circumstance is the failure of the Post Office to forward the

notices to the correct address. Ross & Hardies emphasizes that for approximately three years since relocating to new offices, the Post Office routinely forwarded all other mail to its new address.

After careful review of the arguments presented by both parties and upon consideration of the relevant legal precedent, given the myriad of contributing factors described above the court holds that Rule 60(b)(6) provides a most appropriate rationale to approach Heileman's dilemma. *See Molloy v. Wilson*, 878 F.2d 313 (9th Cir. 1989); *Cavalliotis v. Salomon*, 357 F.2d 157 (2d Cir.1966); *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538 (2d Cir.1963)[1].

Significantly, USCIT Rule 60(b) provides: On motion of a party or upon its own initiative and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence ...

(3) fraud ... or

(6) any other reason justifying relief from the operation of the judgment.

This motion shall be made within a *reasonable time*, and for reasons (1), (2) and (3) *not more than one year* after the judgment, order, or proceeding was entered or taken

(emphasis supplied).

In *Molloy*, on similar facts to this case in that the failure of plaintiff to receive notice of dismissal arose from reasons including mistake or excusable neglect of counsel, the plaintiff moved for relief, relying on subdivision (6) of Rule 60(b), from an order of dismissal thirteen months after the order was entered. The district court, however, analyzing plaintiff's motion under subdivision (1), denied relief "because Rule 60(b)(1) has a one year limitation which was not complied with by counsel" *Id.* at 315.

The court of appeals reversed, holding that the motion was properly brought under Rule 60(b)(6) and was within the "reasonable time" limitation applicable to that section. The appellate court stated:

circumstances ... involving the non-receipt by a party of an order of dismissal[ ] warrant moderation of the harsh time limitation of Rule 60(b) and give the district court discretion to treat the motion to vacate as arising under clause (6) of Rule 60(b), notwithstanding that the underlying basis for vacating the judgment does not strictly constitute 'any other reason' as that phrase is used in the rule.

*Id.* at 316.

Equally so, In *Cavalliotis*, the Second Circuit upheld a grant of relief under Rule 60(b)(6) for the reason that plaintiff had not received notice of dismissal. Under those facts, a trustee in bankruptcy brought a motion for relief eighteen months after the action had been dismissed, specifically alleging:

that neither he, nor the predecessor trustees, nor the counsel for any of them, had received notice of the dismissal [until 18 months later]. In particular, the trustee alleged that *due to a misrecording by the Clerk of [the] Court of the address of Counsel for the plaintiff, the notices ... had never reached counsel for the plaintiff.*

*Id.* at 158 (emphasis supplied). Quoting the decision in *Radack*, the *Cavalliotis* court stressed that:

'lack of notice of the dismissal acts as a bar to the efficacious operation of subsection (1), (2) and (3),' so that if notice of the dismissal was not received by the party seeking to vacate 'the judge has the power in the exercise of a sound discretion to grant relief under Rule 60(b)(6).'

*Id.* at 159. More, the court found "ample evidence" supporting plaintiff's insistence that it never received notice, including the

---

**1.** The language of CIT Rule 60 is identical to that found in Fed.R.Civ.P. 60. Thus, it is appropriate to refer to case law construing the parallel Federal Rule. *See Zenith Radio Corp. v. United States,* 823 F.2d 518, 521 (Fed.Cir.1987).

Clerk's incorrect record of the address of plaintiff's counsel.

Here, the supporting evidence buttresses Heileman's contention that notice of the Order of Dismissal was not received by Ross & Hardies until early 1992. As in *Cavalliotis*, the Clerk's records illustrate the improper address for plaintiff's counsel; the obvious error is readily apparent from the envelopes returned undelivered to the Clerk's Office, and marked with Ross & Hardies' former Washington address.

To allow the Order of Dismissal to stand without affording Heileman an opportunity to present its case is manifestly inequitable and unjust. Traditionally, it is upon just such principles of equity that Rule 60(b)(6) has warranted application, and precisely for purposes of availing litigants relief from onerous dismissal and default judgments. *See e.g., Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969).

Furthermore, the court does not agree with the Government's position that it will somehow be prejudiced by the Court's grant of relief vacating the Order of Dismissal. The decision in the Test Case establishes that Heileman is entitled to the relief sought, and the court will not permit the defendant, without spelling out or making any effort to prove its case, to prevail by virtue of default.

## CONCLUSION

Based upon the foregoing findings and conclusions, it is hereby

ORDERED, that Heileman's motion be, and hereby is, granted;

ORDERED, that the Order of Dismissal of January 24, 1991 be, and hereby is, vacated, and it is further;

ORDERED, that this action is restored to the Suspension Disposition Calendar.

## AMENDED ORDER

The Opinion and Order issued in this matter on May 18, 1992 is hereby amended as follows:

ORDERED that plaintiff shall submit to defendant within 10 days of notice of entry of this Amended Order a Stipulated Judgment on Agreed Statement of Facts, and it is further;

ORDERED that the period of time within which this action is to remain on the Suspension Disposition Calendar shall expire 90 days from entry of this Amended Order.