**WANG LABORATORIES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 90–10–00507.**

United States Court of International Trade.

June 18, 1992.

Baker & McKenzie, William D. Outman, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

### MEMORANDUM OPINION AND ORDER

GOLDBERG, Judge:

Plaintiff moves, pursuant to USCIT Rule 60(b),[1] for relief from an Order of Dismis-

---

**1.** Rule 60(b)(1) provides in relevant part that:

On motion of a party ... the court may re-

sal entered in this action on May 12, 1992, on "the basis of mistake, inadvertence, or excusable neglect." Although the motion does not specify, as it should have, upon which of the several provisions of Rule 60(b) plaintiff relies, the court assumes plaintiff's motion is predicated upon Rule 60(b)(1). In its motion, plaintiff asserts that counsel for defendant consents to the relief requested.

In support of plaintiff's motion, plaintiff's attorney states:

> Counsel for plaintiff respectfully submits that there is no lack of diligence or wilful neglect, but rather mere inadvertence. On October 24, 1991, counsel for plaintiff prepared and submitted to the Court a Consent Motion for Extension of Time seeking to extend this action on the Reserve Calendar for six (6) months. That was the first such request filed. The only reply received by plaintiff's counsel from the Court was the Order of Dismissal dated May 12, 1992. Plaintiff's counsel did not receive back any response to the October, 1991 motion, although it is now clear, based on the Order of Dismissal, that a grant of extension through April, 1992 was made. *Without receipt of some form of notice, a new deadline date was not set up on counsel's calendar.*

Plaintiff's Motion for Relief From Order of Dismissal at 1–2 (emphasis added).

It appears that the only basis for plaintiff's request for relief is its allegation that plaintiff's counsel "did not receive back any response" to its consent motion for an extension of time; and, "[w]ithout receipt of some form of notice, a new deadline date was not set up on counsel's calendar."

Therefore, plaintiff's counsel relied solely upon receiving a "response" or "notice" from the court to set a new deadline date on his calendar and to monitor the proceedings in this action.

The "response" or "notice," for which counsel was waiting, was a copy of an order issued upon plaintiff's consent mo-

tion for an extension of time. Upon entry of such an order, the clerk of the court is required by USCIT R. 79(c)(2), to serve upon a party a copy of a notice of entry of the order, together with a copy of the order. For purposes of the discussion below, USCIT R. 79(c)(2) is the same as Fed. R.Civ.P. 77(d).

There is no allegation that an order was not served, but only a contention that it was not received by plaintiff's counsel.

Upon inquiry to the clerk of the court, the court was advised that the court file in this action includes a certificate of service, executed by a deputy clerk. The certificate indicates that on October 29, 1991, a notice of entry of an order, together with a copy of that order, extending the time for this action to remain on the Reserve Calendar until April 30, 1992, was served by mail upon plaintiff's counsel. Further, the docket sheet shows that plaintiff's consent motion was granted.

Plaintiff's motion presents two issues: (1) whether a copy of the order granting an extension of time was served upon plaintiff's counsel even though it was not, as alleged, received; and (2) whether non-receipt by plaintiff's counsel of that order is sufficient cause to justify relief from the Order of Dismissal under Rule 60(b)(1) on the grounds of mistake, inadvertence or excusable neglect.

## SERVICE OF THE ORDER

In this action, the fact that plaintiff's counsel did not, as alleged, receive a copy of the order granting an extension of time, does not mean that the clerk of the court did not serve one upon him.

As prescribed by USCIT Rule 79(c), papers to be served by the clerk of the court upon a party may be served by delivery or, as was done here, by mailing.

When service is made by mail—by the clerk of the court or by one party to another party—service is to be made as required by USCIT R. 5(b). The last sentence of

lieve a party ... from a[n] ... order for the following reasons: (1) mistake, inadvertence,

surprise, or excusable neglect....

USCIT R. 5(b), which is identical to the last sentence of Fed.R.Civ.P. 5(b), specifies that "[s]ervice by mail is complete upon mailing."

Furthermore, Professor Moore notes that "the last sentence of Rule 5(b) provides that service by mail is complete upon mailing. This is significant. *Non-receipt of the paper does not affect the validity of the service.*" 2 James W. Moore et al., Moore's Federal Practice P. 5.07, at 5–27—5–28 (2d ed. 1991) (footnotes omitted) (emphasis added).

■ Accordingly, mailing of a paper, including an order of the court, is deemed to be service of that paper—whether or not that paper is actually received by a party. This interpretation of Fed.R.Civ.P. 5 applies where the paper is mailed from one party to another and where it is mailed from the clerk of a court to a party.

In *Kim v. Commandant, Defense Language Institute*, 772 F.2d 521 (9th Cir. 1985), the court held that an answer, mailed on the last day allowed for answer, was timely filed and served. The Court of Appeals explained that:

> Because "[s]ervice by mail is complete upon mailing," Fed.R.Civ.P. 5(b), it is irrelevant that plaintiff did not *receive* the answer until the following day.

*Kim*, 772 F.2d at 524.

In *Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550 (E.D.Pa.1975), a request for admissions pursuant to Fed. R.Civ.P. 36 was served by plaintiff upon the defendant by certified mail, return receipt requested, at the defendant's last known address. The envelope was returned to the sender, plaintiff's attorney, marked "Addressee Unknown." Although plaintiff's attorney knew that the request for admissions was not received by the defendant, plaintiff moved for summary judgment. Plaintiff's motion for summary judgment was granted on the basis of the unanswered request for admissions despite the fact that the request was never received by the defendant. The court observed:

> In the case at bar, the requirements of Rule 5(b) have been met. The averments of plaintiff's supporting affidavit clearly disclose proper service of the Request for Admissions by mail. Such service is complete upon mailing. F.R.Civ.P. 5(b). "Non-receipt of the paper does not affect the validity of the service." 2 Moore's Federal Practice § 5.07 at p. 1356. This, of course, makes good sense.

*Freed*, 66 F.R.D. at 552.

In *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629 (11th Cir.1988), the court addressed the alleged non-receipt of a copy of a notice of a court order, served by mail pursuant to Fed.R.Civ.P. 5(b) by the clerk of the court as prescribed by Fed.R.Civ.P. 77(d). Noting that there was no contention that a copy of the order was not actually mailed by the clerk, but only an assertion that it was not received, the Court of Appeals held:

> [W]e agree with the district court's conclusion that Fed.R.Civ.P. 77(d) deems mailing of such notices by the clerk to be notice to a party, *whether or not the notice is actually received or actually noticed by the party.* All 77(d) requires is that "upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5." Rule 5 provides that service by mail is complete upon mailing.

*Dunlap*, 858 F.2d at 632 (citations omitted) (emphasis added).

The court is aware of the opinion in *G. Heileman Brewing Co. v. United States*, 16 CIT ——, 792 F.Supp. 823 (1992), in which the court referred to the failure of the clerk's office to ensure receipt of a notice of the transferral of an action to a Suspension Disposition Calender and a subsequent Order of Dismissal. The court does not construe *Heileman* to impose a responsibility on the court, or a party, to ensure receipt of papers served by mail. *Heileman* states only that the non-receipt of papers was one element in a "myriad of contributing factors" justifying the court's grant of discretionary relief from dismissal pursuant to subsection 6 of Rule 60(b). *Heileman*, 16 CIT at ——, 792 F.Supp. at 825. Any other reading of *Heileman* would be inapposite to the settled decision-

al law in *Kim, Freed* and *Dunlap.* These cases state that there is no responsibility on the court, or a party, to ensure receipt of papers served by mail. To the extent that *Heileman* could be stretched to imply that non-receipt of papers *per se* vitiates service, this court disagrees.

■ In the instant case, the court finds that service of an order granting plaintiff's motion for an extension of time to remain on the Reserve Calendar was properly made on October 29, 1991, despite the fact that plaintiff's counsel did not receive it.

## NON–RECEIPT AS EXCUSABLE NEGLECT

Plaintiff's counsel explains that he did not add a new deadline date for this action to his calendar; his sole asserted reason for this failure was that he did not receive "some form of notice" from the court in response to his consent motion for an extension of time to remain on the Reserve Calendar.

Counsel knew or should have known, that the action would be dismissed on the last day of October, 1991 for lack of prosecution if it was not removed from the Reserve Calendar within the 12–month period prescribed by USCIT R. 83(a). It appears that this is why he moved for an extension of time on October 24, 1991.

■ Plaintiff's counsel presented no evidence demonstrating that he did anything to monitor the status of the motion—other than waiting to receive a copy of the order from the court—from the time it was submitted in October, 1991 until the action was dismissed some seven months later in May, 1992.

The facts presented to the court evidence that plaintiff's counsel relied solely upon receiving a notice from the court to remind him of information that he needed to fulfill his primary responsibility of monitoring all proceedings in this action.

The specific issue the court must decide is whether non-receipt of the notice is sufficient to constitute mistake, inadvertence, or excusable neglect as outlined in USCIT R. 60(b)(1).

As this court recently observed:

Indeed, a party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment.

*Avanti Products, Inc. v. United States,* 16 CIT ——, Slip Op. 92–85 at 3, 1992 WL 129490 (June 4, 1992).

That statement is entirely consistent with the holdings of other federal courts. Since Fed.R.Civ.P. 60(b) and USCIT Rule 60(b) are identical in all relevant ways, cases from the other federal courts are useful precedent. *See A Classic Time v. United States,* 13 CIT 836, 838, 1989 WL 125726 (1989). Under USCIT Rule 60(b), this court's procedures "should be fully consistent with the Federal Rules of Civil Procedure and with the relevant case law developed under that rule." *Bio–Rad Laboratories, Inc. v. United States,* 12 CIT 597, 598, 687 F.Supp. 1580 (1988).

Attorneys, of course, have the duty to protect their clients by ensuring that important filing deadlines are met; they may not follow careless procedures that demonstrate a disregard or ignorance of pertinent rules. The concept of a time limitation for filing is basic. A court may insist upon compliance with its local rules, and it may refuse to set aside a judgment or order pursuant to Fed.R.Civ.P. 60(b)(1), even where there is no showing of substantial prejudice. *U.S. v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops,* 857 F.2d 46, 49 (1st Cir.1988). "Neither ignorance nor carelessness on the part of a litigant or his attorney provides grounds for relief under Rule 60(b)(1)." *Avon Products, Inc. v. United States,* 13 CIT 670, 672, 1989 WL 101392 (1989) (citations omitted).

The sole issue before the Court of Appeals in *Williams v. Five Platters, Inc.,* 510 F.2d 963 (CCPA 1975), was whether the lower tribunal abused its discretion in de-

nying a motion under Fed.R.Civ.P. 60(b)(1) to vacate a dismissal. The reasons supporting the motion to vacate were: (1) the attorney's absence from his office; (2) pressure of other work in the attorney's office; (3) omission of the matter from the attorney's docket; and (4) the inability of the attorney to contact his client.

In a unanimous decision, the Court of Customs and Patent Appeals (now the Court of Appeals for the Federal Circuit) endorsed the characterization of these reasons as "carelessness and inattention on the part of counsel," that did not constitute the "excusable neglect" referred to in Rule 60(b)(1).

> The reasons given by counsel are such as to evidence neglect, but not excusable neglect. Absence from one's office and pressure of work are common phenomena. Lawyers who sit constantly in their offices with little to do are unlikely to be dealing with Rule 60(b)(1). No reason was offered in justification for omitting the matter from the attorney's docket.... Counsel's neglect of duty is not, per se, excusable neglect....

*Williams*, 510 F.2d at 964 (citations omitted).

In *Prior Products Inc. v. Southwest Wheel–NCL Co.*, 805 F.2d 543 (5th Cir. 1986), the Court of Appeals affirmed the district court's denial of plaintiff's motion for relief under Fed.R.Civ.P. 60(b). There, a notice of dismissal was entered in June 1984, but the clerk of the court did not give notice of the dismissal until some five months later, in November, 1984.

The Court of Appeals held that plaintiff cannot rely on the court's failure to give more timely notice of dismissal.

> *An attorney has a responsibility to monitor proceedings with some degree of diligence. Failure to comply with scheduled time targets as a result of inadequate monitoring will only be excused when justified by something more than alleged neglect on the part of the clerk.* .. Counsel therefore should have known that dismissal was imminent and that the proceedings warranted especially diligent monitoring in

the light of the thirty-day period in which to reopen this action in district court; *yet the record here reflects no effort·on the part of Prior Products' counsel to monitor the status of the case from June until notice was finally mailed in November.* In view of these facts, we conclude that there was no abuse of discretion on the part of the district court in denying Prior Products' motion for relief under Rule 60.

*Prior Products,* 805 F.2d at 546 (emphasis added).

References to the burden of "diligent effort by counsel to ascertain the status of the case" in Fed.R.Civ.P. 60(b) motions can be found in *Mizell v. Attorney General of State of N.Y.* 586 F.2d 942, 945 n. 2 (2nd Cir.1978), *cert. den.,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979), and *Mennen Co. v. Gillette Co.* 719 F.2d 568, 570 n. 5 (2nd Cir.1983).

Relying upon the *Mizell* and *Mennen* opinions, the district court in *Orshan v. Macchiarola,* 105 F.R.D. 534 (E.D.N.Y. 1985), held that these decisions require a Rule 60(b) movant to make "an independent demonstration of 'diligent effort' in monitoring the suit." *Orshan,* 105 F.R.D. at 539 (citations omitted). And, "absent such affirmative industry, a clerk's failure to notify would not warrant Rule 60(b) relief." *Id.* at 539.

The decisional law cited above clearly establishes that it is counsel's responsibility to exercise diligent efforts in monitoring and ascertaining the status of an action. Counsel may not shift its burden to the court, by seeking to excuse a failure to inquire about the status of a consent motion that had been pending for over six months, apparently without receiving an order from the court.

### CONCLUSION

For the foregoing reasons, the motion is denied without prejudice to its renewal. Upon an adequate showing of diligent effort in monitoring the subsequent proceedings on plaintiff's consent motion for an extension of time, plaintiff's counsel may renew this motion within 30 days from the

date of this order. Also, since it appears to the satisfaction of the court, that a copy of the order granting plaintiff's consent motion was properly served on October 29, 1991, the resubmission, if made, shall include an affidavit by a person with personal knowledge of facts sufficient to show that a copy of that order was not received in the office of plaintiff's counsel.

So ordered.