CITRUS WORLD, INC., PLAINTIFF *v.*
UNITED STATES OF AMERICA, DEFENDANT

Court No. 94–03–00156

(Dated September 18, 1997)

*Kay, Panzl & Latham, LLP (Peter G. Latham* and *Michael J. Beaudine)* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Saul Davis)* for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* The plaintiff commenced the above-encaptioned action by filing a summons and then a complaint in March 1994, praying, among other things, for drawback upon specified entries of citrus juice. The defendant interposed an answer soon thereafter.

In the absence of any discernible subsequent activity, on June 25, 1997 the court obtained a commitment from opposing counsel to prepare and file on or before July 18th a proposed order for final disposition of this action. They failed to keep it, whereupon the court was constrained to enter an order of dismissal on August 21, 1997 for lack of any indication of desire to prosecute.

Comes now the plaintiff with an Agreed Motion for Rehearing and for Reinstatement of This Case Before the Court, reporting on contacts between counsel since June 25, 1997, including a telephone conference with defendant's attorney on September 2nd,

> at which time Mr. Davis expressed his full support for the relief requested in this Motion. Mr. Davis has reviewed this Motion prior to its filing and consents to a rehearing consistent herewith, so that the merits of this case can be heard. Mr. Davis also consents to the revised proposed Scheduling Order * * *.

Plaintiff's Motion, para. 6. The court cannot do the same, even if it accepts plaintiff's representations, which tend to show fault on the part of the defendant.

As this court has opined, a party plaintiff has a

> primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment.

*Avanti Products, Inc. v. United States,* 16 CIT 453, 453–54 (1992). *See also Fada Industries, Inc. v. United States,* 14 CIT 645, 647 (1990) (communications with opposing counsel (and the court) are "informative" but not necessarily protective of continuing viability of an action). Moreover, members of the Bar have been instructed that, when "formal,

interlocutory relief becomes necessary, motions therefor must be presented in such a way as to convince the court that grant is appropriate." *Id.*, citing *Proceedings of the Second Annual Judicial Conference of the U.S. Court of Int'l Trade,* 111 F.R.D. 503, 586 (1985) (Aquilino, J.).

Here, the plaintiff has not done so. This action has been dismissed for lack of prosecution. While plaintiff's motion now reports adequately on events since June 25, 1997, it is devoid of a showing, any showing, of steps taken during the preceeding three years to prepare this action for resolution. Indeed, the implication of the accompanying proposed order, Exhibit C, projecting pretrial preparations, including discovery, well into next year is that nothing of significance has yet transpired. Be this as it may, the motion simply does not satisfy either of its stated predicates, CIT Rule 59(a) and Rule 60(b). The latter, which is more apposite, provides that the court

> may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing under Rule 59(b); (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged * * *; or (6) any other reason justifying relief from the operation of the judgment.

None of these grounds having been shown to exist[1], plaintiff's motion for reinstatement of this action must be, and it hereby is, denied.

---

[1] *Cf. Wang Laboratories. Inc. v. United States,* 16 CIT 468, 471–72, 793 F.Supp. 1086, 1089–90 (1992).