NAPP SYSTEMS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 97–02–00221

(Dated December 14, 1998)

*White & Case LLP (Alan M. Dunn)* for the plaintiff.
*Frank W. Hunger*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Amy M. Rubin)* for the defendant.

### MEMORANDUM AND ORDER

AQUILINO, *Judge:* The plaintiff commenced this action to appeal denial by the U.S. Customs Service of four protests covering entries of a synthetic polymeric substance by filing a summons on February 7, 1997, at which time the action was placed on the Reserve Calendar in accordance with CIT Rule 83(a). On September 22, 1998, the Clerk of the Court entered an order of dismissal for lack of prosecution pursuant to Rule 83(c), which provides that an action not removed from that calendar within the 18-month period prescribed by Rule 83(a) shall be dismissed by the Clerk without further direction from the Court.

Come now counsel with a Motion for Reconsideration of Order of Dismissal and Reinstatement of Case, citing CIT Rules 59(a) and (b) and alleging that, subsequent to the summons herein, the plaintiff requested that Customs undertake further administrative review; that it filed a second summons, Court No. 97–09–01527, on September 12, 1997, covering five additional protests as to subsequent entries of its synthetic substance; that the Service has now suspended liquidation of still other entries; that the plaintiff proposed a stipulated judgment for this action to the defendant on February 19, 1998; and that both sides had been in contact about the proposal prior to dismissal. Counsel also claim to be

aware of entries of the same synthetic rubber material entered by other importers of record which are also the subject of protests, some of which have been denied and others of which have been suspended pending the outcome of this proceeding.

Unfortunately, none of these points warrants the relief prayed for. On its face, CIT Rule 59 contemplates new trials, rehearings, and amendment of judgments. To the extent plaintiff's motion actually calls Rule 60(b) into consideration, it provides in pertinent part:

**Mistakes, Inadvertence, Excusable Neglect—Newly Discovered Evidence—Fraud, Etc.**
On motion of a party * * * and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (3) fraud (whether

heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; * * * or (6) any other reason justifying relief from the operation of the judgment.

Here, the plaintiff is not claiming mistake, inadvertence, excusable neglect, or fraud. Rather, its position seems to be attempted, vicarious reliance on other administrative and judicial proceedings. Of course, such reliance is possible, and even encouraged, in matters before the Customs Service, and the Court of International Trade,[*] but only if the procedural requirements therefor are strictly followed. In this regard, the Court amended Rule 83 by extending to 18 months the period during which an action such as plaintiff's could remain on the Reserve Calendar and by adding subsection (d) to the rule for extension of even that extended period upon timely showing of good cause. The plaintiff did not avail itself of this provision.

While the defendant has not responded to plaintiff's instant request for relief, this court has been constrained on occasion to remind practioners that

> a party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment.

*E.g., Avanti Products, Inc. v. United States*, 16 CIT 453, 453–54 (1992). In other words, lawyers

> have the duty to protect their clients by ensuring that important filing deadlines are met; they may not follow careless procedures that demonstrate a disregard or ignorance of pertinent rules. The concept of a time limitation for filing is basic. A court may insist upon compliance with its local rules and it may refuse to set aside a judgment or order * * * even when there is no showing of substantial prejudice. *U.S. v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops*, 857 F.2d 46, 49 (1st Cir. 1988). "Neither ignorance nor carelessness on the part of a litigant or his attorney provides grounds for relief under Rule 60(b)(1)." *Avon Products, Inc. v. United States*, 13 CIT 670, 672 (1989) (citations omitted).

*Wang Laboratories, Inc. v. United States*, 16 CIT 468, 472, 793 F.Supp. 1086, 1089 (1992). In short, plaintiff's Motion for Reconsideration of Order of Dismissal and Reinstatement of Case must be, and it hereby is, denied.

---

[*] *See, e.g.,* CIT Rule 84.