CATERPILLAR INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 97–04–00598

(Dated December 29, 1998)

*Powell, Goldstein, Frazer & Murphy, LLP (Richard M. Belanger, Susan M. Mathews* and *Leigh Fraiser)* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Amy M. Rubin)* for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* The plaintiff commenced this action to appeal denial by the U.S. Customs Service of protests covering entries of truck components by filing a summons on April 18, 1997, at which time the action was placed on the Reserve Calendar in accordance with CIT Rule 83(a). On November 17, 1998, the Clerk of the Court entered an order of dismissal for lack of prosecution pursuant to Rule 83(c), which provides that an action not removed from that calendar within the 18-month period prescribed by Rule 83(a) shall be dismissed by the Clerk without further direction from the Court.

Come now plaintiff's counsel with a Consent Motion for Relief from Final Judgment and Reinstatement of Action made pursuant to CIT Rule 60(b), which provides, in pertinent part, that on a

> motion of a party * * * and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment.

The sum and substance of this motion is that

> any failure to prosecute was excusable neglect * * * because Caterpillar Inc. was awaiting responses to draft stipulations served on the government. Caterpillar served the[m] * * * on or about March 11, 1998, and served an authorization to file the draft stipulations on or about March 16, 1998, and served a revised signature page on March 18, 1998. * * *
>
> The government has not yet responded to these draft stipulations. The government's failure to respond is most likely due to its inadvertently overlooking the stipulations because they were served at the same time as stipulations for several cases suspended on the test case calendar. However, the present case was filed after the resolution of the test case named to try an issue common to these several cases and identical to the issue in the present case. *See Caterpillar Inc. v. United States,* Court Number 94–03–00167. Accordingly, the present case was not included in the joint resolution of the other cases.

Apparently, as the motion's title indicates, the defendant consents to reinstatement, but this court cannot and therefore does not. Whatever the government's neglect, it does not excuse that of the plaintiff, or undermine the axiom that

> a party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment.

*Avanti Products, Inc. v. United States,* 16 CIT 453, 453–54 (1992). *See Wang Laboratories, Inc. v. United States,* 16 CIT 468, 471–73, 793 F.Supp. 1086, 1089–90 (1992). To hold otherwise on the papers presented, which do not reflect any attempt by the plaintiff over some eight months to prod opposing counsel or to seek extension of time on the Reserve Calendar pursuant to Rule 83(d), could reduce this Court of International Trade to an inconsequential pawn of careless parties. *Cf. Citrus World, Inc. v. United States,* Slip Op. 97–135, 21 CIT 1078 (1997), *appeal dismissed,* 185 F.3d 878 (Fed.Cir. Dec. 10, 1998). In short, the Consent Motion of Caterpillar Inc. for Relief from Final Judgment and Reinstatement of Action must be, and it hereby is, denied.