SLIP OP. 01-80

UNITED STATES COURT OF INTERNATIONAL TRADE
HONORABLE JAMES L. WATSON, SENIOR JUDGE
-----------------------------------------------------X
STARKEY LABORATORIES, INC.,  )

              **Plaintiff,**      )

           **v.**           )        **Court No. 93-07-00426**

UNITED STATES,       )

             **Defendant.**    )
-----------------------------------------------------X

[Plaintiff's motion pursuant to Rule 60(b)(6), or alternatively, under Rule 60(b)(1), to vacate judgment of dismissal for lack of prosecution under Rule 83(c) and reinstate this case to the Reserve Calendar is denied.]

                      Decided: June 29, 2001

Dorsey & Whitney LLP (Munford Page Hall, II and Linda B. Popejoy, Esqs.) for plaintiff.

Stuart E. Schiffer, Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Aimee Lee, Esq.), for defendant.

**WATSON, SENIOR JUDGE:**

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

    Plaintiff moves pursuant to CIT Rule 60(b)(6), or alternatively, CIT Rule 60(b)(1),[1] to

---

[1] CIT Rule 60(b), so far as relevant reads:

        (b)  MISTAKES, INADVERTENCE, EXCUSABLE NEGLECT - NEWLY DISCOVERED EVIDENCE - FRAUD, ETC.

           On motion of a party or upon its own initiative and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and(3) not more than one year after the judgment,

vacate the judgment of dismissal in this action on May 10, 1995 for lack of prosecution entered

by the clerk of the court pursuant to CIT Rule 83(c)[2] and to reinstate this case to the Reserve

Calendar of the court for six months. Defendant opposes plaintiff's motion.

## FACTUAL BACKGROUND[3]

There is no dispute concerning the facts relevant to the current matter before the court.

This tariff classification action was initiated by the filing of a summons on July 30, 1993.

At that point in time, plaintiff was represented by Ronald J. Rasley, Esq. ("Rasley"), an

experienced lawyer, a member of the Minnesota bar since 1987, and a member of the law firm of

Coleman, Hull and van Vliet, located in Edina, Minnesota. According to plaintiff, Court No. 91-

02-00132, was another civil action brought by Starkey in which plaintiff was represented by

Rasley. Plaintiff posits that Court No. 91-02-00132 involved the same merchandise and

classification issue presented by the current matter, and the court's records reflect that Court No.

91-02-00132 had been designated as a test case by order of Judge Thomas Aquilino, Jr. dated

June 7, 1993 pursuant to Rule 84(b). Additionally, the order of June 7, 1993 suspended seven

other cases under the designated test case, and those cases were thereupon transferred to the

---

order, or proceeding was entered or taken. [Emphasis added.]

[2] CIT Rule 83(c), so far as relevant, provides:
>    (c) **Dismissal for Lack of Prosecution**
>        An action not removed from the Reserve Calendar within
> the 18-month period shall be dismissed for lack of prosecution and
> the clerk shall enter an order of dismissal without further direction
> from the court * * *

[3] The evidentiary record on the motion before the court is comprised of the official papers and an affidavit, dated April 12, 2001, of Ronald J. Rasley, Esq., plaintiff's counsel prior to November 2000, at which time plaintiff retained its current counsel, Dorsey & Whitney LLP.

suspension file pursuant to Rule 84(d).

According to plaintiff's current legal counsel, Dorsey & Whitney LLP, Washington, D.C., who was retained by Starkey in November 2000, this case was suspendible pursuant to Rule 84 under the designated test case, Court No. 91-02-00132, in which Starkey ultimately prevailed. See Starkey Laboratories, Inc. v United States, 6 F. Supp.2d 910 (CIT April 10, 1998), motion to vacate judgment denied, 110 F.Supp.2d 945 (CIT June 19, 2000). Mr. Rasley represented Starkey in the test case, obtained a judgment in favor of plaintiff on April 10, 1998, and subsequently, on June 19, 2000, successfully opposed defendant's motion for vacatur of the judgment and for rehearing. See id.

The court is advised by plaintiff that its current counsel is now in the process of negotiating stipulated judgments for refund of duties in the suspended cases. Defendant, however, has taken no position here with respect to entering into a stipulated judgment in any of the suspended cases, or with respect to whether the merits of this case are covered by the decision in the test case. Plaintiff now complains that through its current counsel, it recently discovered Rasley never filed a motion to suspend the current action under the designated test case, and this case was ultimately dismissed on May 10, 1995 for lack of prosecution under Rule 83(c).

Plaintiff's motion under CIT Rule 60(b), therefore, is before the court as a result of the dismissal of this case pursuant to Rule 83(c) for failure to prosecute on May 10, 1995. The dismissal is attributed by plaintiff to the failure of its prior counsel, Rasley, to timely suspend this case under the designated test case, Court No. 91-02-00132, or otherwise timely remove this case from the Reserve Calendar prior to the expiration of the eighteen month time period prescribed by Rule 83(c).

CIT Rule 83(b) specifies several different procedures a party may follow to remove a case from the Reserve Calendar, including suspension under a designated test case pursuant to Rule 84 within the permitted eighteen month time period prescribed by Rule 83(c), and thereby avoid dismissal by the clerk for lack of prosecution. The current case, however, was never suspended under the test case, or otherwise removed from the Reserve Calendar, remained on the court's Reserve Calendar for nearly two years, and as noted above, on May 10, 1995 was dismissed for lack of prosecution. There is no dispute that this action was properly so dismissed pursuant to CIT Rule 83(c).

Plaintiff has submitted in support of its application under Rule 60(b) a recently executed affidavit dated April 12, 2001 by Mr. Rasley relating certain events that occurred as far back as 1993 with respect to this case and the test case. The affidavit apparently is based on the affiant's best recollection, since the affidavit recites that his office has no records for this case. See Rasley Affidavit, par. 6. Rasley's affidavit avers that "[d]uring the course of filing [the test case], the understanding negotiated with the Department of Justice was that any subsequent related cases that were filed with the Court would be suspended until a final decision was reached on the test case." Rasley Affidavit, par. 4. Although it would appear from the foregoing "understanding" that Rasley had at least intended that the current case be suspended under the designated test case (and hence removed from the Reserve Calendar), inexplicably no motion was ever filed by Rasley with the court to suspend the current case. Nonetheless, the affidavit itself contains no explanation or justification whatever as to why Rasley failed to file a motion with the court for suspension, or otherwise take timely action to remove this case from the Reserve Calendar prior to dismissal pursuant to Rule 83(c). In that regard, plaintiff's current counsel simply speculates

that prior counsel "most likely" became confused by not having received a notice from the clerk to remove the case from the Reserve Calendar prior to dismissal, which had been the practice of the court prior to the amendment of Rule 83(c), effective January 1, 1993.

Following the entry of the judgment of dismissal on May 10, 1995, Mr. Rasley's firm, Coleman, Hull & van Vliet, relocated its office in June 1995. Rasley avers in his affidavit that at no time did he receive any notices or other communications from the court concerning this case. Sometime after November 2000, through its current counsel plaintiff discovered - - more than five years after dismissal - - that this case, as well as one other case filed by Rasley (Court No. 94-01-00060),[4] had been dismissed by the clerk for failure to prosecute.[5] Plaintiff filed this motion to reinstate this case on May 14, 2001, which is of course slightly more than six years from the date of the dismissal for failure to prosecute on May 10, 1995.

## PLAINTIFF'S CONTENTIONS

Citing Klapprott v. United States, 335 U.S. 601 (1949) ("Klapprott") and Ackermann v. United States, 340 U.S. 193 (1950) ("Ackermann"), plaintiff relies on the "extraordinary circumstances" test for relief under Rule 60(b)(6), or alternatively, on the inadvertence and excusable neglect of its prior counsel for relief under Rule 60(b)(1). As grounds for relief under Rule 60(b)(6), plaintiff points particularly to its blamelessness for the inaction of its prior

---

[4] Court No. 94-01-00060 is the subject of a separate motion filed by plaintiff under Rule 60(b).

[5] Plaintiff's current counsel represents to the court that in addition to failing to suspend this case under the test case, prior counsel even failed to file summonses covering entries of plaintiff's merchandise (hearing aid components) covered by the test case. The foregoing allegations are unsupported by any evidence before the court, but in any event, are of no relevance to the current matter, which primarily relates to the failure of prior counsel to suspend this case under the test case and thereby avoid dismissal for lack of prosecution under Rule 83(c).

counsel, and the lack of notice to remove by the court to its prior counsel before dismissal by the clerk. Citing Carisbrook Industries, Inc. v. United States, 13 CIT 736 (1989), plaintiff further posits the possibility that the circumstances of this case may justify the court in ignoring the one year time limit for a Rule 60(b)(1) motion. Finally, plaintiff urges that reinstatement of the case would not be prejudicial to defendant, but denial of relief will result in a significant financial loss to plaintiff since it prevailed in the test case, and this case could have been suspended under the test case.

## DEFENDANT'S CONTENTIONS

Defendant disputes that the facts of this case meet the extraordinary circumstances test required for relief under Rule 60(b)(6), citing Moore's Federal Practice § 60.48[2], § 60.48[3][a] (3d ed. 1997), and Marquip, Inc. v. Fosber America, Inc., 198 F. 3d 1363, 1370 (Fed. Cir. 1999). Defendant further asserts that with respect to plaintiff's claim for relief under Rule 60(b)(6), this case is distinguishable from the myriad of contributing factors warranting relief in G. Heileman Brewing Co., Inc. v. United States, 792 F. Supp. 823 (CIT 1992) ("Heileman"). Defendant further posits that relief under Rule 60(b)(1) is time-barred by the one year time limit under that section; and in any event, neither ignorance nor carelessness on the part of a litigant or his attorney provides grounds for relief under Rule 60(b)(1), citing Avon Products, Inc., supra, Wang Laboratories, Inc. v. United States, 793 F. Supp. 1086 (CIT 1992), and Washington Intern. Ins. Co. v. United States, 793 F. Supp. 1091 (1992). Defendant further maintains that whether or not personally blameless, fundamentally a client bears the consequences of its lawyer's conduct, acts, or omissions, citing Pioneer Investment Services Co., 507 U.S. 393, 396 (1993) ("Pioneer"). Finally, defendant claims that it would be prejudiced by reinstatement of a case six years after

dismissal.

## DISCUSSION

While under the circumstances of this case the court sympathizes with Starkey's present predicament caused by prior counsel, and appreciates the diligence and efforts of its current counsel in attempting to obtain reinstatement of the case under overwhelmingly adverse circumstances, nonetheless, for the reasons that follow, the court concludes that neither Rule 60(b)(6) nor Rule 60(b)(1) permit vacatur of the judgment and reinstatement of this case.

**1.**

### Relief under Rule 60(b)(6)

With respect to plaintiff's primary claim for relief under Rule 60(b)(6), Rasley's affidavit provides no factual basis for concluding that this case presents "extraordinary circumstances" that justify relief under subsection (6), but rather, as a matter of law compels the opposite conclusion. In Pioneer, 507 U.S. at 393, the Supreme Court, citing Ackermann and Klapprott, observed: "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." While Starkey claims to be personally blameless for the conduct of its prior attorney, plaintiff overlooks that Pioneer also holds a client responsible for the conduct of its counsel. Id. at 396-98. Rasley's affidavit utterly fails to demonstrate faultless conduct, and indeed fails to offer any plausible excuse for his failure to timely remove this case from the Reserve Calendar by suspension or other authorized action. Absent any showing to the contrary, it is reasonable to conclude that Rasley had a full opportunity to move for suspension of this case under the designated test case from the very commencement of this action to the expiration of the eighteen month period, or that the case

could have otherwise been removed from the Reserve Calendar prior to the Rule 83(c) deadline. Since plaintiff bears responsibility for its prior attorney's inaction, in a word plaintiff has failed to show that it was "faultless."

Moreover, Rasley's affidavit does not establish plaintiff was faultless in not moving to reinstate this case promptly after its dismissal on May 10, 1995. Rasley's mention in his affidavit of a change of address in June 1995 is simply a smokescreen by Rasley to put the blame on the clerk for not receiving notice of the dismissal on May 10, 1995. He does not state that he ever provided the clerk with written notice of the change of address pursuant to CIT Rule 75(e). Indeed, in his affidavit, paragraph 12, Rasley still insists that he be held harmless in this case by his assertion that in all the years of his practice he "never once missed a deadline or failed to properly pursue a piece of litigation or claim."

With respect to relief under Rule 60(b)(6), the court agrees with defendant that Heileman provides no support to plaintiff. In Heileman, the court held that the delay in receiving a notice of dismissal for failure to prosecute from the clerk was only one element in a "myriad of contributing factors" justifying the court's grant of discretionary relief from dismissal pursuant to subsection (6) of Rule 60(b), and further, that plaintiff's motion was made within a reasonable time after the notice of dismissal was finally received. 792 F. Supp. at 824-25. Defendant argues that the current case is factually distinguishable from Heileman. That clearly is so, but more importantly, as counsel for Heileman itself readily recognized, counsel's inadvertent failure to change its address in the court file of a suspended case made plaintiff partly at fault. Consequently, as Pioneer holds that a client is responsible for the conduct of its counsel, 507 U.S. at 396-98, and that a party partly at fault may not obtain relief under Rule 60(b)(6),

Heileman would not meet Pioneer's extraordinary circumstances test requiring that a party

seeking relief under Rule 60(b)(6) must be faultless. As observed in Pioneer, "[i]f a party is

partly to blame for the delay, relief must be sought within one year under subsection (1) and the

party's negligence must be excusable." Id. Thus, the court now considers whether plaintiff may

be granted relief under Rule 60(b)(1), as alternatively claimed.

**2.**

**Relief under Rule 60(b)(1)**

With respect to plaintiff's claim for relief under Rule 60(b)(1), plaintiff's motion is

plainly untimely. Plaintiff's contention that the court may ignore the one year time limit, citing

Carisbrook Industries, Inc. v. United States, 13 CIT 736 (1989), is completely without merit. In

any event, Rasley's affidavit fails to demonstrate "excusable neglect." As explained above,

Rasley's affidavit provides no explanation of "all the relevant circumstances surrounding [his]

omission," Pioneer, 507 U.S. at 395, to file a motion to suspend this case under the test case or

otherwise to timely remove the case from the Reserve Calendar. As observed by the Supreme

Court in Pioneer, 507 U.S. at 387, with regard to examples of what may constitute "excusable

neglect," "[t]here is, of course, a  range of possible explanations for a party's failure to comply

with a court-ordered deadline." However, here, an appropriate factual foundation from which the

court might be able to conclude that Rasley's neglect to remove this case from the Reserve

Calendar by suspension was "excusable" has not been presented to this court. The post hoc

speculation and surmise by plaintiff's current counsel attempting to provide some explanation for

Rasley's inaction or what was in his mind at the relevant period of time obviously have no

probative value as to the reasons and circumstances for Rasley's failure to suspend this case, or

otherwise remove it from the Reserve Calendar.

By 1995, Rule 83 removal notices had long been discontinued by amendment of the rule, and the eighteen month time limit for removal clearly specified by Rule 83(c) is sufficient notice. Relocation of Rasley's office in June 1995 without providing written notice pursuant to Rule 75(e) is not an excuse for why this case had not been timely removed from the Reserve Calendar within the permitted eighteen month time period under Rule 83(c), or why he did not receive notice of the dismissal of May 10, 1995,[6] or why plaintiff waited six years to respond to the dismissal.

Finally, plaintiff's motion, filed approximately six years after dismissal, was not under any standard of reasonableness filed within a reasonable time, and reinstatement of this case after that period of time would for obvious reasons be prejudicial to the Government.[7] See Moore's Federal Practice, § 60.22[2] (3d ed.) (court may consider prejudice that may result from setting aside judgment).

---

[6] A requirement that prior to the expiration the prescribed time that a case may remain on the Reserve Calendar, the court provide a notice to remove pursuant to Rule 83(c) was eliminated by amendment of the rule in September 1992, effective January 1, 1993, which was well before this action was even commenced on July 30, 1993. Moreover, current Rule 83(c) is clear that after a case has remained on the Reserve Calendar for eighteen months, unless removed from the calendar by one of the prescribed procedures, the case is subject to dismissal by the clerk for lack of prosecution. Cf. Washington Intern. Ins. Co. v. United States, 793 F. Supp. 1091 (CIT 1992) and Andrew Dossett Imports v. United States, 351 F. Supp. 1404 (Cust. Ct. 1972). Additionally, the judgment of dismissal entered on May 10, 1995 presumptively was mailed to plaintiff's prior counsel immediately following dismissal and received well before Rasley's change of address in June 1995.With respect to service of papers by the court see Wang Laboratories, Inc. v. United States, 793 F. Supp 1086 (CIT 1992), citing CIT Rule 5(b).

[7] Defendant asserts "there is the attendant prejudice of a case that has been dismissed for a long period of time with closed files and disposed-of-papers." Deft's Mem. at 15.

## **CONCLUSION**

In sum, there is no basis for granting plaintiff relief in this case under either Rule 60(b)(6)

or, alternatively, Rule 60(b)(1), as urged by plaintiff, and therefore, plaintiff's motion is denied.


Dated: New York, New York
        June 29, 2001

                                        _____

                                            James L. Watson, Senior Judge