Milton A. **COREY, d/b/a Corey Financial Planning, Plaintiff, Appellant,**

v.

**MAST ROAD GRAIN AND BUILDING MATERIALS COMPANY, INC., et al., Defendants, Appellees.**

No. 84–1003.

United States Court of Appeals, First Circuit.

Argued June 8, 1984.

Decided June 25, 1984.

Joseph F. Dugan, Boston, Mass., with whom Charles R. Capace, Boston, Mass., was on brief, for appellant.

Norman M. Clement, Boston, Mass., for appellees.

Before CAMPBELL, Chief Judge, STEWART,* Associate Justice (Retired), and BOWNES, Circuit Judge.

PER CURIAM.

This is an appeal from the district court's denial of plaintiff's Rule 60(b) motion for relief from a judgment of dismissal.

Plaintiff, a Massachusetts resident, filed this contract action in the United States District Court for the District of Massachusetts against Mast Road Grain and Building Materials Company, Inc., a New Hampshire corporation, and Harvey Dupuis, the president of the corporation and a New Hampshire resident. Defendants moved for dismissal under Fed.R.Civ.P. 12(b) for lack of personal jurisdiction. Plaintiff failed to respond within the ten days required by Local Rule 12 of the District Court for the District of Massachusetts. The district court therefore dismissed the suit. Plaintiff subsequently moved under Fed.R.Civ.P. 60(b) for relief from the judgment of dismissal on the ground of excusable neglect. The district court denied the motion and plaintiff appealed.

The standard of review in the present case is clear: the district court may only be reversed for an abuse of discretion. *Pagan v. American Airlines, Inc.*, 534 F.2d 990, 993 (1st Cir.1976). We find no abuse of discretion here. Plaintiff's conduct and his excuses for noncompliance with the local rule did not compel a finding of excusable neglect. The district court was entitled to insist upon compliance with its local rule in these circumstances. *See In re Harbour House Operating Corp.*, 724 F.2d 1, 2–3 (1st Cir.1983) (strictly applying Rule 3(b) of the First Circuit Rules governing bankruptcy appeals).

Plaintiff argues that the court based its denial of relief not upon noncompliance with the rule but upon an incorrect

* Of the Supreme Court of the United States, sitting by designation.

finding that it lacked personal jurisdiction. The court wrote, "Even if I overlook the untimeliness of the plaintiff's filings under Local Rule 12, I am not satisfied that his affidavits sufficiently establish personal jurisdiction over the defendants." We do not read this, however, as waiving reliance upon the untimeliness of the filing, but only as stating an added alternative reason. It is well settled that when reviewing a district court's order for abuse of discretion, "[i]f a single ground supports the ... order, it is not reversible." *Juneau Square Corp. v. First Wisconsin National Bank*, 624 F.2d 798, 809 (7th Cir.1980); *Nuttall v. Reading Co.*, 235 F.2d 546, 548 (3d Cir.1956). Since the court could properly decline to excuse plaintiff's noncompliance with the local rule, we need not consider the court's alternative proposition that it lacked personal jurisdiction.

*Affirmed.*