**UNITED STATES of America, Plaintiff, Appellee,**

v.

**The PROCEEDS OF SALE OF 3,888 POUNDS ATLANTIC SEA SCALLOPS, etc., Defendant, Appellee.**

**Appeal of Arne JENSEN and A & E Fisheries, Inc., Claimants, Appellants.**

**No. 88–1309.**

United States Court of Appeals, First Circuit.

Submitted July 20, 1988.

Decided Sept. 21, 1988.

Joseph J. Altieri, Providence, R.I., Edward V. Cattell, Jr., Philadelphia, Pa., and Nancy E. Sim, Pleasantville, N.J., on brief, for appellants.

Roger J. Marzulla, Asst. Atty. Gen., Peter R. Steenland, Jr., Atty., Dept. of Justice, and Lee M. Kolker, Atty., Dept. of Justice, Washington, D.C., on brief, for appellees.

Before COFFIN, BOWNES and SELYA, Circuit Judges.

COFFIN, Circuit Judge.

This is an appeal from the district court's refusal (1) to dismiss a forfeiture action brought by the government and (2) to set aside a default judgment subsequently entered against appellants in that action. Because we find no abuse of discretion, we affirm.

I.

On August 18, 1986, the government seized 3,888 pounds of scallops belonging to appellants-claimants, Arne Jensen and A & E Fisheries, Inc. [hereinafter appellant or claimant], pursuant to the Magnuson Fishery Conservation and Management Act, 16 U.S.C. § 1857(1)(A), (G). In December of that year, the government filed a forfeiture action in district court in New Jersey to obtain title to the value of those scallops. The government subsequently dismissed its complaint with prejudice in late March, but a few days later, on March 27, filed another forfeiture complaint in district court in Rhode Island. According to the government, both the summons in the Rhode Island action and Rule C(6) of the Supplemental Rules for Certain Admi-

ralty and Maritime Claims required appellant to file a claim within 10 days of receiving service and an answer within 20 days of filing his claim. Claimant was served on April 9 but did not respond until May 8 when he filed a combined "answer and claim." On that same day, claimant also filed a motion to dismiss the government's complaint on the ground that the government previously had dismissed an identical complaint *with* prejudice in another jurisdiction. The district court's denial of that motion is one of the issues on appeal.

On May 20, 1987, the government moved to strike appellant's claim and answer, principally on the ground that it was untimely. On June 23, the district court, having received no response from appellant, granted the government's motion to strike as unopposed, pursuant to Local Rule 12(a)(2) ("no objection having been timely filed"). A week later, the government filed a motion for default on the ground that appellant's claim and answer had been stricken. Claimant never responded to the government's motion for default but did file a motion to vacate the court's order striking his claim and answer.[1] The district court referred both motions to the magistrate, who refused to set aside the court's order and granted the government's motion for default, finding no satisfactory reason for claimant's tardiness. The magistrate also noted sua sponte that claimant had on two occasions violated Local Rule 5(d) requiring the signature of local counsel on all pleadings.

In response to claimant's objections, the district court remanded the case to the magistrate for reconsideration. The magistrate affirmed her earlier recommendation, basing her decision only on claimant's

failure to respond on time or at all to the government's motions and not on the absence of local counsel's signature. The district court adopted the magistrate's recommendation and entered a default judgment.

Appellant raises two issues on appeal. First, he argues that the district court abused its discretion in refusing to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Second, he puts forth two arguments relating to the government's voluntary dismissal of an identical complaint in New Jersey. He contends that the district court abused its discretion in refusing to dismiss this action since the government's earlier complaint in New Jersey had been dismissed *with* prejudice. In the alternative, he argues that if the government's mistake in dismissing its complaint with prejudice can be overlooked, justice demands that *his* mistake also be forgiven.

## II.

Rule 60(b)(1) permits a district court to set aside an order or judgment upon a finding of "mistake, inadvertence, surprise, or excusable neglect." To prevail on a Rule 60(b) motion, the party seeking to have the judgment vacated bears the heavy burden of showing both a good reason for the default and the existence of a meritorious defense. *American & Foreign Ins. Ass'n v. Commercial Ins.,* 575 F.2d 980, 983 (1st Cir.1978). In reviewing such motions, the district court has broad discretion. *Id.* at 982. We review only for an abuse of that discretion. *Id.; see also Corey v. Mast Road Grain and Bldg. Materials Co.,* 738 F.2d 11, 12 (1st Cir.1984).

---

1. On June 30, appellant finally filed an answer to the government's motion to strike, contending that his claim was in fact timely under both the summons and Rule C(6), and therefore should not be struck. The district court did not consider arguments regarding the proper interpretation of either the summons or Rule C(6) in ruling on the motion. It granted the motion to strike simply because, as of June 23, appellant had not opposed it, and therefore was in violation of Local Rule 12(a)(2) requiring opposition papers within 10 days. The subsequent denial of appellant's motion to set aside the court's

order was also based only on his noncompliance with Local Rule 12(a)(2). *See infra.* The provisions of the summons and Rule C(6) are therefore not before us, nor is the court's uncontested ruling that appellant violated Local Rule 12(a)(2). We must decide only whether the district court abused its discretion under Fed.R. Civ.P. 60(b)(1) in refusing to excuse appellant's noncompliance with its local rules. *See Pagan v. American Airlines,* 534 F.2d 990, 992–93 (1st Cir.1976) (denial of 60(b) motion raises only order of denial and not underlying judgment).

■ In this case, claimant violated Local Rule 12(a)(2) by failing to respond within 10 days to the government's motion to strike his claim and answer. In addition, he failed to respond at all to the government's subsequent motion for default. The district court based its refusal to set aside its order on both of these violations, but in its analysis, focused solely on the first of the two errors. We also focus only on that error since "[i]t is well settled that when reviewing a district court's order for abuse of discretion, '[i]f a single ground supports the ... order, it is not reversible.'" *Corey*, 738 F.2d at 13 (quoting *Juneau Square Corp. v. First Wisconsin National Bank*, 624 F.2d 798, 809 (7th Cir.1980)).

Claimant's excuse for missing the filing deadline is that he relied on erroneous advice from local counsel. He argues that this reliance, combined with the absence of substantial prejudice to the government and any culpability on *his* part (as opposed to his attorney's), requires a finding of excusable neglect or mistake under Rule 60(b)(1).

We need not decide whether reliance on local counsel would ever require a finding of excusable neglect because in this case we believe the reliance was unreasonable. Local counsel advised lead counsel that there was no specific date by which their opposition papers had to be filed. This advice should have been viewed with at least some skepticism by an experienced attorney. As the magistrate noted, "[t]he concept of time limitations for filing is a basic one."

■ Claimant further argues that the sanction of default was too harsh considering the relative lack of prejudice to the government and the absence of *client* blameworthiness. While we agree that both of these are legitimate factors for a district court to consider in ruling on a 60(b) motion, we decline to hold that they *require* a finding of excusable neglect. This circuit has followed the teachings of the Supreme Court in *Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962), and "turned a deaf ear" to the claim that the client should not suffer for the attorney's sins. *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 16–17 (1st Cir.1983); *Parrilla–Lopez v. United States*, 841 F.2d 16, 20 (1st Cir. 1988). *See also Kaercher v. Trustees of Health & Hosp. of Boston*, 834 F.2d 31, 34 (1st Cir.1987) (noting client blameworthiness but stating attorney culpability sufficient). We also agree with the district court that a default judgment may stand even where there has been no showing of substantial prejudice to the party benefiting from the default. A district court simply may insist upon compliance with its local rules. *Corey*, 738 F.2d at 12 (failure to comply with local rule requiring opposition papers within 10 days).

Because we conclude that the district court did not abuse its discretion in failing to find excusable neglect, we need not decide whether claimant's defense is meritorious.

### III.

■ We next consider the issues relating to the government's dismissal *with* prejudice of its earlier complaint in New Jersey. Claimant argues only halfheartedly that the court abused its discretion in refusing to dismiss the government's complaint. We think it clear that the district court was within its discretion in not dismissing the complaint before the government had an opportunity to correct its mistake in New Jersey. Finally, claimant suggests that the district court was obligated out of a sense of fairness to excuse his mistakes because it excused the government's. We do not, however, believe it was necessary for the court to conform its rulings to some abstract notion of symmetry. As long as each ruling was within its discretion, we have no cause to reverse.

AFFIRMED.