19 F.3d 1427
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Bank
of New England, N.A., Plaintiff, Appellee,
v.
Paul J. CHISHOLM, Defendant, Appellant.
 No. 93-2080
 United States Court of Appeals, First Circuit.
 March 29, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts
 Michael F. Gaffny on brief for Paul J. Chisholm.
 David C. Aisenberg, Williams & Grainger, Margaret A. Burnham, Kathleen C. Engel, and Burnham & Hines on brief for Federal Deposit Insurance Corporation.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Paul Chisholm appeals the district court's denial of his Rule 60(b) motion for relief from a default judgment entered against him. We find that the district court did not abuse its discretion in denying Chisholm's motion. We therefore affirm its judgment.
 
 
 2
 * On February 4, 1987, Chisholm signed a personal guaranty of all present and future obligations of his company, Sanborn Wood Products, to Guaranty Bank and Trust Co. Guaranty later ceased operation, and Bank of New England (BNE) assumed all of its rights and obligations. On February 5, 1988, Sanborn took out a $500,000 loan from BNE, which was repayable "On Demand." The note stated that the loan was "secured by Loan and Security Agreements dated March 5, 1987 and February 4, 1987 naming payee as secured party under its former name, Guaranty Bank & Trust Company." Chisholm signed the note on behalf of Sanborn.
 
 
 3
 On June 7, 1990, BNE demanded that Sanborn pay the outstanding balance of the loan in full. Six days later, BNE filed suit against Sanborn and Chisholm in Massachusetts state court. While the action was pending, BNE failed, and the FDIC became its receiver. FDIC was therefore substituted as plaintiff in the state court action, and it removed the action to federal court.
 
 
 4
 The district court scheduled a trial date for October 14, 1992, and rescheduled for July 6, 1993, at the parties' request. Although the FDIC filed an "Assented To Motion to Continue Trial," which requested another continuance until September, the district court never ruled on the motion. Accordingly, trial commenced on July 6, 1993. Chisholm did not appear, apparently in the mistaken belief that the district court had rescheduled the trial for September, and the court entered a default judgment against him for the full amount claimed. In a margin order, the district court denied Chisholm's later request for relief from judgment. Chisholm now appeals that denial.
 
 II
 
 5
 To obtain relief from a default judgment, Chisholm must show "both a good reason for the default and the existence of a meritorious defense." United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops, 857 F.2d 46, 48 (1st Cir. 1988) (emphasis added). Chisholm has suggested two possible "meritorious defenses" that, he says, warrant relief from the default judgment. First, he says that the note was "orally modified" so that it was no longer payable "On Demand." Second, he says that his personal guaranty applied only to obligations owed directly to Guaranty Bank and Trust, not to any successor in interest such as BNE or the FDIC. We find that neither defense has merit, and therefore that the default judgment need not be set aside.
 
 
 6
 "Agreements" which tend to "diminish or defeat" the FDIC's "interest" in "assets" acquired by it from failed banking institutions are not enforceable against the FDIC, unless those agreements are, among other things, "in writing." 12 U.S.C. Sec. 1823(e)(1). This rule, along with the common law doctrine of D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942), protects the FDIC against "secret agreements" which might lead it to err in evaluating the worth of assets it acquires from failed banking institutions. See, e.g., Langley v. FDIC, 484 U.S. 86 (1987); Timberland Design v. First Service Bank for Savings, 932 F.2d 46 (1st Cir. 1991). Because the alleged "oral agreement" modifying the note's payment terms obviously does not meet the statute's requirements, it cannot be enforced against the FDIC, so it does not provide a "meritorious defense" to the FDIC's action.
 
 
 7
 Chisholm's second argument focuses on the guaranty's language. The guaranty says that it "guarantee[s] to you [Guaranty Bank & Trust], your successors and assigns, full and prompt payment at maturity of all present and future obligations of the Borrower to you, including all renewals and extensions thereof or substitutions therefor." Chisholm argues that the guaranty applies only to obligations which originally ran to Guaranty Bank & Trust itself, because the words "successors and assigns" appear in the "guarantees to you" clause but not the "obligations of the Borrower to you" clause. That is, he argues that because the loan at issue here came from BNE, not from Guaranty Bank & Trust (which no longer existed at the time), the guaranty does not apply.
 
 
 8
 We do not think this is a sensible reading of the language. The obvious reading of the guaranty is that it applies to all present and future obligations owed by Sanborn to Guaranty or to Guaranty's successors and assigns. The fact that the BNE note (signed by Chisholm) expressly incorporated the guaranty, and described the guaranty as running to "payee [BNE] ... under its former name, Guaranty Bank & Trust Company," supports this reading. Chisholm has not pointed us to any authority for reading the guaranty in the hypertechnical manner he suggests, nor have we found any. Moreover, Chisholm has suggested no good reason why he would be willing to secure his company's obligations to a particular bank, but would be unwilling to secure obligations to that bank's successor in interest; at the very least, if such a distinction were intended, we should expect to find language that explicitly made that distinction, rather than boilerplate language in a preprinted guaranty form, the natural reading of which suggests the opposite. We therefore find that Chisholm has failed to present a "meritorious defense." That failure is sufficient to preclude us from finding an abuse of discretion in the district court's refusal to grant relief from the default. 3,888 Pounds Atlantic Sea Scallops, 857 F.2d at 48-49.
 
 
 9
 Affirmed.