21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Plaintiff-Appellee,
v.
CERTAIN REAL PROPERTY LOCATED AT, 330 FERN STREET, BANGOR,
ET AL., Defendants-Appellees. Jerry Howard
Defendant-Appellant.
 No. 93-2054
 United States Court of Appeals,
First Circuit.
 April 8, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Morton A. Brody, U.S. District Judge ]
 Schuyler G. Steele for appellant.
 Michael M. DuBose, Assistant United States Attorney, with whom Jay P. McCloskey, United States Attorney, was on brief for appellee.
 D.Me.
 AFFIRMED
 Before Breyer, Chief Judge, Coffin, Senior Circuit Judge, and Torruella, Circuit Judge.
 Per Curiam.
 
 
 1
 Jerry Howard ("Howard"), record owner of the property at issue in this case, appeals a decree of forfeiture entered by the district court below.
 
 
 2
 On February 2, 1992, the United States Government filed a Complaint for forfeiture pursuant to 21 U.S.C. Sec. 881(a)(7) against real property located at 330 Fern Street, Bangor, Maine. The matter arises from the execution of a search warrant by law enforcement agents who found 70 growing marijuana plants, assorted drying marijuana, marijuana seeds, and various paraphernalia related to the growing of marijuana plants in the basement of the property in question. Thereafter the occupants of 330 Fern Street, John and Susan Burke, were indicted by a federal grand jury in Bangor, Maine on charges of manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1).[1]
 
 
 3
 Howard appeals from the decree of forfeiture whereby the court entered a default judgment after trial was continued three times at Howard's request, and Howard had failed to answer interrogatories, to appear for a pretrial conference or jury selection, or to respond to the court's order to show cause why default judgment should not be entered, and after the court had denied the Government's first motion for entry of default, in order to afford Howard "one final opportunity to present what appeared to be a reasonable 'innocent landowner' defense."
 
 
 4
 The district court entered final judgment in this case after Howard's attorney represented to Magistrate Judge Eugene Beaulieu that he had no reason to believe that Howard would appear if ordered once again to do so, and after the Magistrate Judge issued a recommended decision that the Government's second motion for entry of default be granted. Thereafter Howard filed a Rule 60(b) motion seeking relief from the judgment, which motion was denied and from which denial Howard appeals. We affirm the district court's ruling.
 
 
 5
 Motions to set aside default judgments pursuant to Fed. R. Civ. P. 60(b) are addressed to the sound discretion of the trial court and are reviewed on appeal for abuse of discretion only. Rodr iguez- Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989).
 
 
 6
 "Rule 60(b)(1) permits a district court to set aside an order or judgment upon a finding of 'mistake, inadvertence, surprise, or excusable neglect.' To prevail on a Rule 60(b) motion, the party seeking to have the judgment vacated bears the heavy burden of showing both a good reason for the default and the existence of a meritorious defense." United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops, 857 F.2d 46, 48 (1st Cir. 1988) (citations omitted and emphasis added).
 
 The district court correctly found that:
 
 7
 Howard has established a history of recalcitrance in this action which includes cavalierly ignoring deadlines and orders issued by the court.... Such conduct does not constitute "excusable neglect" or "any other reason justifying relief" contemplated by Rule 60(b).
 
 
 8
 Howard has failed to meet this high standard and on appeal, has made no attempt to give any reason for the default. The district court did not abuse its discretion.
 
 
 9
 Affirmed.
 
 
 
 [1]
 John Burke later pled guilty in federal court and was sentenced to a 30 month term of imprisonment, three years supervised release, and a $10,000 criminal fine. His sentence was affirmed on appeal. See United States v. Burke, 999 F.2d 596 (1st Cir. 1993)