USCA1 Opinion

 

 April 25, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2148 DAVID GORDON FLEMING, Plaintiff, Appellant, v. MARTIN MAGNUSSON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ David Gordon Fleming on brief pro se. ____________________ Andrew Ketterer, Attorney General, and Diane Sleek, Assistant ________________ ____________ Attorney General, on brief for appellee. ____________________ ____________________  Per Curiam. Plaintiff David Gordon Fleming, a Maine ___________ inmate, appeals pro se from a judgment against him in an ___ __ action brought pursuant to 42 U.S.C. 1983. For the following reasons, we affirm. BACKGROUND On April 28, 1994, Fleming filed a complaint in district court against fifteen named prison officials alleging various violations of his constitutional rights. That same day, a magistrate judge ("magistrate") granted his application to proceed in forma pauperis ("IFP"). On May 2, 1994, the __ _____ ________ magistrate recommended that the complaint be dismissed as frivolous under 28 U.S.C. 1915(d). On June 15, 1994, the district judge reviewed the matter de novo and ordered that __ ____ the complaint be dismissed with the exception of Fleming's claim that he was not provided with a copy of the Maine State Prison's rules and regulations prior to a disciplinary proceeding brought against him. On August 12, 1994, Fleming made service by mail on defendants Commissioner Donald Allen, Warden Martin Magnusson, and Deputy Warden Nelson Riley. On August 30, 1994, the district court sua sponte ordered Fleming to show ___ ______ cause why he had not made timely service on the remaining twelve defendants. See Fed. R. Civ. P. 4(m). After Fleming ___ responded that it was his belief that the unserved defendants were not implicated in the sole surviving claim, the complaint was dismissed without prejudice as to these defendants. On August 31, 1994, the three served defendants filed a motion to dismiss for failure to state a claim. Fleming did not file an objection to this motion. On September 14, 1994, however, Fleming filed a motion seeking leave to add additional defendants to the complaint. On October 6, 1994, the magistrate recommended that the motion to dismiss be allowed pursuant to Local Rule 19(c) of the United States District Court for the District of Maine which provides that "[u]nless with ten (10) days after the filing of a motion the opposing party files written objection thereto . . . , the opposing party shall be deemed to have waived objection." The magistrate further recommended that the motion seeking leave to add additional defendants be denied as moot. On October 24, 1994, the district judge reviewed the matter de __ novo and adopted the magistrate's recommendations. Judgment ____ entered, and this appeal followed. DISCUSSION Fleming argues that the complaint should not have been dismissed with respect to the unserved defendants for failure to effect timely service. He does not deny that he failed to serve these defendants within the 120 day period provided by Fed. R. Civ. P. 4(m). However, he contends that as a pro se ___ __ defendant, he should not have been held to the "strict -3- letter" of the rule. He also suggests that, pursuant to 28 U.S.C. 1915(c), it was not his responsibility to effect service. Flemings' pro se status does not insulate him ___ __ from compliance with the Federal Rules of Civil Procedure. FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994). ____ _________________ Section 1915(c) does provide that where, as here, a plaintiff is proceeding IFP, "the officers of the court shall issue and serve all process." However, an IFP plaintiff must request that the court officer serve his complaint before the officer will be responsible for such service. Boudette v. Barnette, ________ ________ 923 F.2d 754, 757 (9th Cir. 1991). Fleming did not allege below that he made such a request. On the contrary, he indicated that he had chosen not to proceed against the unserved defendants. Under the circumstances, there was no abuse of discretion in dismissing his complaint as to these defendants. Fleming also argues that the district court erred in granting the motion to dismiss the complaint as to the served defendants based upon his failure to comply with Local Rule 19(c). We disagree. A pro se litigant must comply with a ___ __ district court's procedural rules, as well as the Federal Rules of Civil Procedure. See Anchor Properties, 13 F.3d at ___ _________________ 31; see also Corey v. Mast Rd. Grain & Bldg. Materials Co., ________ _____ _____________________________________ 738 F.2d 11, 12 (1st Cir. 1984) (holding that district court was entitled to insist upon compliance with its local rule -4- which required plaintiff to respond within ten days to defendants' motion for dismissal). Contrary to Flemings' suggestion, we do not think his September 14, 1994 motion to add defendants should have been construed as an objection to the motion to dismiss. We add that, in any event, Flemings' complaint that he was not provided with a copy of the prison rules failed to allege sufficient involvement or knowledge on the part of the served defendants to state a 1983 claim against them. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d ___ ___________________ _________ 553, 562 (1st Cir. 1989) (liability under 1983 may not be predicated upon a theory of respondeat superior). Affirmed. ________ -5-