US v. Levesque                          CR-95-192-B     09/05/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States

        v.                                  Criminal No.  95-192-B

Donald A. Levesque and
      Virginia L. Levesque


**O R D E R**

Defendants move to vacate the judgment entered in this case on July 20, 1995, pursuant to my order granting summary judgment in favor of the plaintiff, the United States Small Business Administration ("SBA").  I conclude that the judgment must be partially vacated due to confusion concerning the SBA's compliance with Local Rule 11(b).

Local Rule 11(b) of this district requires certification by the moving party that a good faith attempt has been made to get the opposing party's concurrence in the relief sought.  The SBA's motion for summary judgment filed on June 26, 1995, included a statement that it had not contacted counsel for the defendants.  In response to notification from the clerk's office of noncompliance with Rule 11(b), the SBA sent a letter to the clerk of court that defendants' counsel had called and confirmed that he intended to object to the motion.  The SBA sent a copy of the

letter to defendants' counsel.  When defendants failed to object to the motion for summary judgment within the allotted time, I granted the motion and judgment was entered on July 20.

Defendants moved to vacate judgment on July 25.  Although not identified in the motion, from its substance, I presume defendants are asking that judgment be vacated pursuant to Federal Rule of Civil Procedure 60(b)(1).[1]  In general, the First Circuit rule requires that errors or omissions by counsel must be borne by the client.  United States v. One Lot of $25,721.00 in Currency, 938 F.2d 1417, 1421 (1st Cir. 1991).  Rule 60(b)(1) provides relief only if the moving party shows both a good reason to excuse the mistake or neglect and a meritorious defense to the claims on which judgment was entered.  United States v. Proceeds of Sale of 3,888 Pounds Atl. Sea Scallops, 857 F.2d 46, 48 (1st Cir. 1988).  To determine whether circumstances exist to justify finding excusable neglect, I consider a range of factors including the significance of the delay, prejudice to the

---

[1]  Rule 60(b)(1) provides:
    On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the  following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect.

2

opposing party, and bad faith. <u>United States v. Roberts</u>, 978 F.2d 17, 24 (1st Cir. 1992).

Under the circumstances of this case, I conclude that counsel's confusion over the status of the SBA's motion, due to his interpretation of the Local Rules, justifies finding excusable neglect. <u>See</u> <u>Roberts</u>, 978 F.2d at 24 ("ambiguity in a rule or court order can give rise to excusable neglect sufficient to warrant an extension of time.") Defendants' counsel represents that he failed to object to the SBA's motion for summary judgment within the time allowed because the SBA's motion failed to certify that it had sought his concurrence as required by Local Rule 11(b).[2] Counsel further states that he relied on

---

[2] The pertinent parts of Local Rule 11 provide as follows:
(a)(1) Title. Motions other than during trial will be considered only if submitted separately from other pleadings on a document using the word "Motion" in the title. The clerk shall not accept any motions not in compliance with the procedures outlined in these rules.
. . . .
(b) The moving party shall certify to the court that he has made a good faith attempt to obtain concurrence in the relief sought. If moving party has obtained concurrence, he shall so state in the body of the motion so the court may consider it without delay.
. . . .
(d) Unless within ten (10) days after the filing of a motion and memorandum by a party, the other party files written objection thereto with memorandum, he shall be deemed to have waived objection, and the court may act

Local Rule 11(a)(1) and understood that the SBA's motion was not properly filed without the required certification and that the letter to the court was insufficient to cure the defect. Consequently, he assumed that an objection was not required to an improperly filed motion.[3] When he received notice of summary judgment, counsel promptly responded with a motion to vacate and objection minimizing the effect of delay or prejudice to the SBA. Thus, I find that counsel was excusably confused about the status of the motion and that his subsequent actions minimized the delay and any potential for prejudice and do not suggest bad faith.

The defendants challenge the commercial reasonableness of the sale of their assets to satisfy their outstanding debts in their defense against summary judgment. The question of commercial reasonableness appears to be a sufficiently viable defense to the deficiency asserted against them by the SBA to support partially vacating judgment to allow the defendants to

---

on the motion.

[3] Counsel also asserts that he understood the Federal Rules of Civil Procedure not to require an objection to a motion for summary judgment at least until the next scheduled hearing in the case. As counsel offers no explanation for the source of his misunderstanding of the applicable rules, I do not address this ground for vacating judgment.

respond.  Because defendants have raised only the defense of commercial reasonableness, however, and have not challenged the validity of the SBA's notes or the amount of their outstanding debt prior to the sale of their assets by the SBA, I do not vacate summary judgment in favor of the SBA on those issues. Thus, the sole remaining matter to be resolved in this case is defendants' commercial reasonableness defense.

I grant the defendants' request for discovery on the issue of the commercial reasonableness of the sale.  The parties shall designate a date for the close of discovery by agreement.  Within the time provided for objection to summary judgment under the applicable local and federal rules, measured from the agreed date of the close of discovery, the defendants shall file a further objection to the SBA's motion for summary judgment limited to the issue of commercial reasonableness.

## CONCLUSION

For the foregoing reasons defendants' motion to vacate (document 9) is granted as explained herein.

5

SO ORDERED.


_____
Paul Barbadoro
United States District Judge

September 5, 1995

cc:  Deborah S. Barrett, Special Assistant U.S. Attorney
     Theodore Barnes, Esq.