UNITED STATES of America Plaintiff,

v.

**Douglas L. CLIFFORD, Defendant.**

**No. CR. 03–42–BW.**

United States District Court,
D. Maine.

Dec. 22, 2003.

James L. McCarthy, U.S. Attorney's Office, Bangor, ME, for Plaintiff.

Joseph Baldacci, Bangor, ME, for Defendants.

### ORDER DENYING THE DEFENDANT'S MOTION FOR RETURN OF PERSONAL PROPERTY

WOODCOCK, District Judge.

On December 23, 2002, Maine Drug Enforcement Agents seized certain items from the home of Douglas Clifford, the Defendant in the above-captioned matter. In a Motion for the Return of Personal Property ("Motion") (Docket # 12), Mr. Clifford asked that the following items be returned: one switchblade knife; an unspecified number of antique and foreign coins; one orange knife with a serrated edge; two Swiss Army knives; and one 18–inch sterling silver necklace with the initials "G.K.C." engraved on it in five places. Although Mr. Clifford titled the Motion, "Motion for Return of Personal Property with Incorporated Memorandum of Law," it contained no evidence that the Government had actually seized the items listed.

 Federal Rule of Criminal Procedure 41(g), regarding motions for return of personal property, states:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary

to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Evidentiary hearings on motions under Federal Rule 41(g) are not granted as a matter of course; they are required only when a defendant alleges facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. *United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) (considering former Rule 41(e));[1] *see also United States v. Migely*, 596 F.2d 511, 513 (1st Cir.1979) (citing *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967)) (applying same standard to evidentiary hearings for motions to suppress, where provision required court to "receive evidence on any issue of fact necessary to decide the motion"). The factual allegations must be such that, if proved, would require a grant of relief and must be more than general and conclusory or based upon suspicion or conjecture. *Id.*

■ When a motion for return of property is made and a criminal prosecution is pending, the movant has the burden to show that he is entitled to the property. *United States v. Chambers*, 192 F.3d 374, 377 (3rd Cir.1999) (citing *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)). When a motion for return of property is made and there is a question of whether the government actually seized the property, the government bears the initial burden of showing that it dealt with the movant's property in accordance with the applicable standards and, if the government meets its burden, the movant must demonstrate the existence of the claimed property. *Otonye v. United States*, 903 F.Supp. 357, 363 n. 8 (E.D.N.Y. 1995).[2]

■ It is uncertain which party bears the initial burden when a criminal prosecution is pending *and* the existence of the property is in question. The court, however, does not need to resolve this issue, since in this case, the Government has sustained its burden under the first prong in *Otonye* and the burden has shifted to the movant to demonstrate the existence of the property. The Government attached a copy of the Maine Drug Enforcement Agency Crime Scene Evidence Log ("Log") to its Response to the Plaintiff's Motion. (*See* Gov't Resp. Def.'s Mot. at Ex. 2 (Docket # 15).) In addition to general information regarding the search (the Defendant's address, time of the search, date, etc.), the Log describes all items seized during the search, the location of each item, and the agent responsible for finding each item. The Log is sufficient to convince this Court that the Government handled the Defendant's property in accordance with applicable standards.[3] *See*

---

1. The 2002 amendments to Rule 41 reworded and renumbered the substance of Rule 41(e) as 41(g). *Sanchez–Butriago v. United States,* 2003 WL 21649431, at *2 n. 1. The amendments enacted stylistic, not substantive, changes. *Id.*

2. As the court notes in *Otonye,* a shifting burden scheme is logical since implication of the movant's Fourth Amendment rights should not be taken lightly but, at the same time, the movant has greater access to infor-

mation necessary to prove the extent and value of the claimed property. 903 F.Supp. at 363 n. 8. Further, there is no need for heightened procedural protection beyond the "fair preponderance of the evidence" standard because the alleged deprivation is of the movant's property rather than the movant's life or liberty. *Id.*

3. The Maine Drug Enforcement Agency, as a bureau of the Department of Justice, is required to "establish and maintain inventory

*Sanchez–Butriago,* 2003 WL 21649431, at *5 (finding Drug Enforcement Agency form identifying property, providing date of seizure of property, listing case name and number to which property related, storage location of property, and chain of custody of property sufficient to support Government assertion that it handled property in accordance with applicable regulations). The Government has provided a comprehensive body of evidence indicating that it did not seize the items listed in the Motion.

 By contrast, Mr. Clifford has demonstrated neither the existence nor the Government's possession of the property listed in the Motion. The Motion simply states that the items were "the possessions of others in the household and should therefore be returned in order for the items to be returned." (*See* Mot. Return Prop. at 1 (Docket # 12).) Mr. Clifford's general and conclusory allegations, without evidentiary support, are not sufficient to entitle him to an evidentiary hearing.[4] *See Dean,* 100 F.3d at 21; *Sanchez–Butriago,* 2003 WL 21649431, at *6 (dismissing motion for return of property without evidentiary hearing because plaintiff failed to demonstrate existence and his ownership of property and government demonstrated

---

records of its seized property." 41 C.F.R. § 128.50.101.

4. The deficiencies of the Defendant's Motion may be attributable to his failure to comply with Local Rule 147(a), which provides:

> Every motion shall incorporate a memorandum of law, including citations and supporting authority. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

Defendant's failure to comply with Local Rule 147(a) constitutes independent grounds for dismissal. *E.g., United States v. Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops,* 857 F.2d 46 (1st Cir.1988) (affirming district court's dismissal of defendant's answer to government's forfeiture action because defen-

that it had not seized property); *see also Migely,* 596 F.2d at 513 (discussing failure in light of virtually identical standard for taking evidence under motion to suppress);

Accordingly, the Defendant's Motion is DENIED and no further proceedings are necessary.

SO ORDERED.

---

dant failed to comply with local rule requiring answer within 10 days); *Corey v. Mast Road Grain & Bldg. Materials Co., Inc.,* 738 F.2d 11 (1st Cir.1984) (affirming district court's dismissal of action for lack of personal jurisdiction when plaintiff did not respond to motion within time proscribed by local rule); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995) ("Failure to follow a district court's rules is proper grounds for dismissal"). Rather than dismissing the motion on procedural grounds, the court has reached the merits of defendant's argument. Nevertheless, in doing so, the court does not condone defendant's failure to comply with Local Rule 147(a), a failure that in this case may have had substantive implications.