**RODRIGUEZ–SALGADO,
et al., Plaintiffs,**

v.

**SOMOZA–COLOMBANI,
et al., Defendants.**

**Civil No. 11–2159 (JAG).**

United States District Court,
D. Puerto Rico.

March 1, 2013.

Frances D. Jimenez–Figueroa, Jimenez Figueroa Law Offices, Luis N. Blanco–Matos, Matos Robles & Blanco, San Juan, PR, for Plaintiffs.

Eliezer Alberto Aldarondo–Lopez, Aldarondo & Lopez Bras, PSC, Guaynabo, PR, Wandymar Burgos–Vargas, P.R. Department of Justice–Federal Litigation, San Juan, PR, for Defendants.

## OPINION & ORDER

GARCIA–GREGORY, District Judge.

Plaintiffs Iris Delia Rodriguez–Salgado, Yaritza Maritza Sierra–Rosa, and Maria Mercedes Colon–Salgado ("Plaintiffs"), former employees of the Department of Justice, filed this action under 42 U.S.C. § 1983 alleging that the former Attorney General of Puerto Rico, Antonio Sagardia De Jesus ("Sagardia"), deprived them of their First Amendment and Due Process rights when he terminated them from employment pursuant to Puerto Rico Law No. 7 of 2009 ("Law 7"). Plaintiffs also sued Defendant's successor, Guillermo Somoza–Colombani ("Somoza"), in his official capacity for purposes of injunctive relief.

Co–Defendant Somoza filed a motion to dismiss on February 9, 2012, arguing that the complaint was time barred and that no constitutional violations took place. The motion also petitioned the Court to abstain under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Thereafter, codefendant Sagardia filed a motion to dismiss predicated on similar grounds. To date, Plaintiffs have not opposed either motion. For the reasons that follow, the Court GRANTS both motions.

## BACKGROUND

As is well known, Law 7 was approved by the legislature of the Commonwealth of Puerto Rico in response to the economic crisis experienced by the island in the preceding years. The Act implemented a series of cutbacks and revenue-raising measures in a tiered three-phase plan. As Defendant explains:

> Under Phase I, public employees who had served for twenty or more years were offered the option of a ten-percent reduction in their work schedule, and public employees generally were offered incentives for voluntary resignations. Under Phase II, which was to go into effect only if savings generated by Phase I were insufficient, Act No. 7 called first for the layoff of government employees holding transitory or irregular appointments. It then directed the layoff of career employees based exclusively on seniority: employees with fewer years of public service would be laid off before more senior employees. Finally, Phase III called for a two-year freeze in raises in salary, fringe benefits, and other financial compensation for all public employees, starting in July of 2009.

(Docket No. 17, p. 3) (citations omitted). Law 7 was implemented in March of 2009. Phase I was unsuccessful in meeting the revenue goals, and so Phase II was activated. Plaintiffs received their letters of termination, as authorized by Phase II, on September 25, 2009. (Docket No. 1, ¶ 24).

According to the complaint, the circumstances of their dismissal did not comport with the procedure set forth by Law 7. (Docket No. 1, ¶ 23). Furthermore, Plaintiffs allege they were terminated without a hearing or an opportunity to verify their seniority. (*Id.*).

On December 2, 2011, over two years after their termination, Plaintiffs filed suit in this Court. The complaint alleges that Defendant, in signing the Plaintiffs' dismissal letters, "was a personal participant and co-conspirator" in the deprivation of Plaintiffs' constitutional rights pursuant to the First and Fourteenth Amendments. (Docket No. 1, ¶ 26).

On May 5, 2012, Defendant filed a motion to dismiss under FED. R. CIV. P. 12(b)(6). In support of his motion, Defendant argues that the complaint is time barred, and, in the alternative, that it fails to· state a valid claim under the First or Fourteenth Amendments. Plaintiffs have proffered no opposition.

## STANDARD OF LAW

Under Rule 12(b)(6), a defendant may move· to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In *Ocasio–Hernández v. Fortuño–Burset,* 640 F.3d 1 (1st Cir.2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure ·the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." *Ocasio–Hernández,* 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining nonconclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." *Id.* Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." *Id.*

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. *See Ocasio–Hernández,* 640 F.3d at 12. Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." *Id.* at 13.

## ANALYSIS

Section 1983 creates "no independent substantive right, but rather, provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." *Cruz–Erazo v. Rivera–Montanez,* 212 F.3d 617, 621 (1st Cir.2000). Liability attaches where the constitutional injury (1) is committed by a person acting under color of state law and (2) deprives a person of rights, privileges or immunities secured by the Constitution of the United States. *See Rio Grande Community Health Center, Inc. v. Rullan,* 397 F.3d 56 (1st Cir.2005)(quoting § 1983).

■ Even if we assume *arguendo* that Defendant was acting under color of state law, the complaint still fails to state a claim against Defendant Sagardia in his personal capacity. Liability under Section 1983 "cannot· rest solely on a defendant's position of authority." *Ocasio–Hernández,* 640 F.3d at 16. At a minimum, the complaint must plead that the defendant was

personally involved in the alleged constitutional violation to establish a plausible § 1983 violation. Rubber-stamping Plaintiffs' dismissal letters, without more, fails to push the complaint from the realm of possibility to that of plausibility.

 This case is nearly a carbon copy of *Acevedo–Concepcion v. Irizarry–Mendez*, 2011 WL 6934791 (D.P.R.2011). As in *Acevedo–Concepcion*, the Court must determine here whether the complaint "plausibly establishes a causal connection between [the Defendant's] actions and the fact that the government did not follow proper Law 7 procedures in dismissing Plaintiffs." *Acevedo–Concepcion*, 2011 WL 6934791 at *6.[1] The only salient fact asserted in the complaint against Sagardia is that he signed and delivered the termination letters to Plaintiffs. (Docket No. 1, ¶ 24–26).

In *Acevedo–Concepcion*, this Court made the following observations that are applicable *in toto* to the case at bar:

> [T]he complaint does not assert that [Defendant] had a say in the determination of seniority status of Plaintiffs. Neither is it averred that [Defendant was] responsible for the publication or dissemination of the seniority lists to Plaintiffs. Finally, it is not alleged that [Defendant] was in charge of—or had any control over—giving Plaintiffs an opportunity to review the basis for their termination.

*Acevedo–Concepcion*, 2011 WL 6934791 at *6. "Simply put, all of the alleged facts in the complaint that [could] allow for an inference of a plausible due process claim against the *state*, are not reasonably attributable to [Defendant] in [his] personal capacity." *Id.* For these reasons, Plaintiffs' individual-capacity claims are dismissed. As we note below, Plaintiffs' failure to oppose Sagardia's motion to dismiss provides an alternate ground for the dismissal of the individual-capacity claims.

*Remaining Claims*

Though it is clear that the complaint fails to state a plausible claim against Sagardia in his individual capacity, neither defendant challenges the sufficiency of the claims levied against Defendants in their official capacity. Thus, Plaintiffs' claims against the Commonwealth remain pending. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (official-capacity suits are simply "another way of pleading an action against an entity of which an officer is an agent;" in this case, the Commonwealth of Puerto Rico). However, Plaintiffs never opposed Somoza's request for abstention under Colorado–River. Therefore, as discussed below, the Court finds any objection waived and grants Somoza's motion on that ground.

The First Circuit has grappled on various occasions with the procedural and substantive effect of a nonmovant's failure to oppose a motion before the district court. *See NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir.2002) (citing *Corey v. Mast Road Grain and Bldg. Materials Co., Inc.*, 738 F.2d 11 (1st Cir.1984) and *United States v. Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops*, 857 F.2d 46 (1st Cir.1988)). The matter gains significant traction where, as here, the applicable local rule requires a response to the motion from the nonmovant. *See Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 n. 1 (1st Cir.1990) (rejecting proposition that a district court "may, without notice, take a failure to respond to a motion to dismiss as a default," but distinguishing "cases where a response was required by

---

1. The Court assumes *arguendo*, without so finding, that the Commonwealth government failed to follow the procedure under Law 7 for the dismissal of employees.

the rule"); *see also* Local Rule 7(b) for the District of Puerto Rico ("Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection").

In *Corey,* the defendants moved to dismiss the case for lack of personal jurisdiction under Rule 12(b)(2). Because the plaintiff failed to respond within the time period required by the applicable local rule, the district court summarily granted defendants' motion and dismissed the case. The district court then denied the plaintiff's Rule 60(b) motion for relief from judgment. The First Circuit, finding no excusable neglect, affirmed the judgment below and stated that the district court was "entitled to insist upon compliance with its local rule [under those] circumstances." *Id.* at 12; *see also Sea Scallops,* 857 F.2d at 49 (reaching a similar result as *Corey,* and holding that district court did not abuse its discretion in refusing to grant relief under Rule 60(b) from a default judgment based on the prejudiced party's failure to comply with local rules).

In *Town of Houlton,* the First Circuit distilled the principles laid out in *Corey* and *Sea Scallops* and stated that "it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." *Town of Houlton,* 283 F.3d at 7. Because the plaintiff failed to oppose the defendant's motion for judgment on the pleadings under Rule 12(c), the district court, relying on Local Rule 7(b) for the District of Maine, summarily granted the motion and dismissed the case. The First Circuit affirmed the dismissal, finding that the "the district court's strict enforcement of Local Rule 7(b) [did not create] an impermissible conflict with federal Rule 12(c)." *Id.* at 9. The local rule thus freed the district court from having to address the merits of the unopposed Rule 12(c) motion before granting it.[2]

The local rule that formed the basis for the dismissals in *Town of Houlton and Odom is identical to Rule 7(b) of the Local Rules for the District of Puerto Rico.*[3] Thus, the same result would obtain under similar circumstances in this District.[4] Accordingly, litigants should take note that failure to oppose a motion in the District of

---

**2.** The First Circuit tempered this result by noting that the district court's discretion is not "unbridled" in this type of situation. *See Town of Houlton,* 283 F.3d at 7 n. 6. *A party may* still seek reconsideration of such an order 'and, if excusable neglect is proven, it would be an abuse of discretion not to grant relief. *Id.* (citing *United States v. Roberts,* 978 F.2d 17 (1st Cir.1992)). Furthermore, the First Circuit held that this reasoning does not apply to motions for summary judgment under Rule 56, because that rule—in contrast to Rule 12(c)—requires the court to apply a particular standard of law.

**3.** The only difference is that this district's local rule allows more time to respond to a motion. This distinction is immaterial for our purposes here.

**4.** In *Odom,* the First Circuit extended by analogy the scope of the holding in *Town of Houlton,* and held that "strict enforcement of [the District of Maine's] Local Rule 7(b) creates no impermissible conflict with [Rule 12(b)(6) of the Federal Rules of Civil Procedure]." *Id.* at 19. Thus, district courts may also grant unopposed motions to dismiss under Rule 12(b)(6) "without further ado, as long as it does not offend equity" to grant the same. *Deveney v. Story,* 2010 WL 4955726, at *1 (D.Me. Nov. 30, 2010) (citing *ITI Holdings, Inc. v. Odom,* 468 F.3d 17, 19 (1st Cir.2006); *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 7 (1st Cir.2002)). Odom therefore provides an alternative ground for dismissing the individual-capacity claims raised by Plaintiffs in this case.

Puerto Rico authorizes the presiding district judge to summarily grant the unopposed motion, "at *least when the result does not clearly offend equity.*" *Town of Houlton,* 283 F.3d at 7. As noted before, this result does not apply to unopposed motions for summary judgment.

■ Though defendants never challenge the sufficiency of the complaint as to the Commonwealth, the first motion to dismiss filed by co-defendant Somoza requested that the Court abstain from entertaining those claims under *Colorado River,* 424 U.S. 800, 96 S.Ct. 1236. Again, Plaintiffs never opposed this motion. Defendants inform that there is a parallel and substantially similar case filed in state courts. The state court dismissed the complaint, and Plaintiffs appealed. That appeal is, as of October 2011, still pending before the state courts. Neither party has informed of any developments on this front. For these and other reasons, the Court finds that granting Somoza's motion for abstention under Colorado River "would not offend" the principles of equity. Accordingly, the Court GRANTS the request, and shall dismiss the remaining claims in this case without prejudice.

## CONCLUSION

The Court finds that Plaintiffs have failed to plead a plausible claim against Defendant Sagardia in his individual capacity. This claim shall be dismissed with prejudice. Furthermore, given Plaintiffs' failure to oppose Defendant's request for Colorado River abstention, the Court will abstain from entertaining the remaining claim against the Commonwealth. This claim shall be dismissed without prejudice. Judgment shall follow accordingly.

IT IS SO ORDERED.