Mark A. JENKINS and Marion F. Jenkins, his wife, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

No. 92–CV–1516.

United States District Court, N.D. New York.

Jan. 9, 1996.

Cherundolo, Bottar Law Firm, Syracuse, NY, for plaintiffs; James H. McGowan, of counsel.

Clements, Ducharme Law Firm, Canton, NY, for plaintiffs; Mahlon T. Clements, of counsel.

Thorn and Gershon, Albany, NY, for defendant; Nancy N. Bogan, of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

The defendant, General Motors Corporation, moves this court pursuant to Federal Rule of Civil Procedure 26(b)(4)(C) for an order granting costs and expert witness fees relating to certain discovery in this action.

The defendant won a favorable jury decision in this court on August 3, 1995. The plaintiffs then filed a notice of appeal. The defendant, however, seeks the recovery of certain costs and expert witness fees it in-curred during the discovery phase of the case. Specifically, the defendant seeks to have the court order the plaintiffs' counsel to remit the sum allegedly due and owing that was incurred by the defendant when the plaintiffs deposed certain expert witnesses of the defendant. The plaintiffs' counsel at that time, attorney Clements of the Clements & Ducharme firm, disclaims any obligation for the sum, and instead insists that the plaintiffs themselves are solely responsible for the costs incurred during discovery.

On February 10, 1995, the plaintiffs deposed a General Motors Corporation engineer, Joseph Rice. In mid to late February, 1995, the plaintiffs took the deposition of three of the defendant's expert witnesses, James Newman, Michael James, and Pamela Oviatt. The costs incurred by these four depositions amounts to $5,350.25. The defendant has made a number of written demands of the plaintiffs' counsel for remittance of such amount. The plaintiffs' counsel has refused to remit any sum. He has stated that the costs are the obligation of his client directly and not his office, and has indicated that the bills for such costs were forwarded to his clients.

It appears from the papers submitted on this motion that the plaintiffs' counsel had paid for costs incurred in the prosecution of this action previously, including filing fees and other costs. The plaintiffs' counsel maintains that his office paid costs incurred in the subject action pursuant to a retainer agreement, and that funds were periodically reimbursed to the plaintiffs' attorney by the plaintiffs. The plaintiffs' attorney also maintains that when it became clear that no further funds were forthcoming, he stopped remitting funds in connection with the case.

The defendant argues that the plaintiffs' counsel must pay the discovery costs outlined herein pursuant to Federal Rule of Civil Procedure 26(b)(4)(C). Moreover, the defendant argues that a denial of the present motion would be manifestly unjust, and open the door to discovery abuses by attorneys who would seek to reap the benefits of discovery and then point to their clients for nonpayment.

## II. DISCUSSION

### A. Rule 26(b)(4)(C)

█ The central issue before the court is not who must ultimately be responsible for the payment of fees and costs incurred during the course of discovery, but rather, if a party's counsel may be compelled to pay the costs incurred when the party deposes an opponent's expert witnesses. The federal Rule states, in relevant part, "... the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent responding to discovery ..." Fed. R.Civ.P. 26(b)(4)(C). Thus, it is clear from the language of the Rule that the *party* is ultimately responsible for the costs incurred by his/her discovery of experts. However, the Rule does not address the issue of whether that party's attorney may be compelled to pay and then seek reimbursement from the party, or if the opponent must seek payment directly from the party him or herself. Moreover, the court was unable to find any decision in this district squarely addressing the issue.

### B. Attorney–Client Relationship

█ The attorney and client stand in a relationship of principal and agent, with the attorney being the agent of the client/principal, and acting with, at least, apparent authority. *See Bridge C.A.T. Scan Assoc. v. Ohio–Nuclear Inc.*, 608 F.Supp. 1187, 1197 (S.D.N.Y.1985). It is the general rule that liabilities incurred by an agent, when acting pursuant to the principal's authority, are the sole obligation of the principal. *See Lerner v. Amalgamated Clothing and Textile Workers Union*, 938 F.2d 2, 5 (2d Cir.1991). The general rule, however, gives way when "the agent manifests an intent to substitute or superadd his liability for or to that of the principal." *Id.* The *Lerner* case did not involve a factually similar situation, but principles apply, nevertheless.

█ In this case, the defendant seeks an order compelling plaintiffs' counsel, Clements & Ducharme, P.C., to pay for the costs incurred during discovery. It is clear that there was a retainer agreement between the plaintiffs and their original attorneys. The case was then referred to Clements & Ducharme. No separate retainer agreement was executed between the plaintiffs and attorney Clements. However, whether the arrangement between the plaintiffs and attorney Clements was governed by the prior retainer agreement or not is not critical to a determination of the issue before the court.

Both attorneys who represented the plaintiffs advanced fees on behalf of the plaintiffs to pay for costs associated with the case. The retainer agreement signed by the plaintiffs and their initial attorney contemplates the payment of fees by the attorney when it states that costs will be recouped in the event of a recovery. In a letter to the court, the plaintiffs' second attorney, attorney Clements, states "we do advance moneys for expenses in some cases [and] we attempt to recoup those expenses regularly ..." Based on the foregoing, it is clear to the court that the agents in this situation, the plaintiffs' attorneys, manifest an intent to incur, at least jointly, the liabilities of the principal, the plaintiffs.

The court also agrees with the defendant's policy argument for entering judgment against the attorney for the discovery costs at issue. If courts refuse to hold attorneys liable for the costs and fees imposed in accordance with Federal Rule 26, the policy behind Fed.R.Civ.P. 26(b)(4)(C) would be emasculated, in that one side could obtain without cost the benefit of an expert's work for which the other side has paid. *See, e.g., Hurst v. U.S.*, 123 F.R.D. 319, 321 (D.S.D.1988) (citation omitted); *Walsh v. Reynolds Metals Co.*, 15 F.R.D. 376 (D.N.J.1954). In this case, it was the plaintiffs' attorneys who decided to depose the defendant's experts and generate the expenses for the defendant. Moreover, it is the plaintiffs' attorneys who are in the best position to assess whether the plaintiffs themselves have the willingness and/or ability to pay such costs.

## III. CONCLUSION

For the foregoing reasons, the court ORDERS that the plaintiffs and the plaintiffs' then attorneys, Clements & Ducharme, P.C., be held jointly and severally liable for the discovery costs and fees sought by the defen-

dant in connection with this case, and ORDERS that judgment be entered in favor of the defendant, General Motors Corporation, for the amount of $5,350.25, such amount representing the reasonable costs and expert fees associated with discovery in this case, and recoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C)

**IT IS SO ORDERED.**