This decision is a precedent of the
Trademark Trial and Appeal Board.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Baxley

Mailed: January 23, 2008

Opposition No. **91162372**

HighBeam Marketing, LLC

v.

Highbeam Research, LLC

Before Quinn, Rogers and Cataldo,
Administrative Trademark Judges

By the Board:

This case now comes up for consideration of (1) applicant's motion for entry of discovery sanctions based on (a) opposer's failure to comply with the Board's March 30, 2006 order compelling discovery, and (b) opposer's role in causing the failure of its expert witness, Susan Saurage, to appear for a discovery deposition in compliance with a subpoena issued by the United States District Court for the Southern District of Texas; and (2) applicant's motion to compel production of opposer's employees Mark Bair, Harry Kerker, and Pamela Negoro for discovery depositions. Both motions have been fully briefed.

By its motion for discovery sanctions, applicant asks that the Board enter judgment in its favor or, in the alternative, that opposer be precluded from introducing evidence at trial on the following subjects for which

additional discovery was compelled but not fully produced: (1) alleged instances of actual confusion, (2) the alleged relatedness of the services at issue, and (3) the alleged overlap of purchasers thereof.  In addition, applicant asks that opposer be precluded from using as trial evidence the survey regarding these subjects, which was prepared by Ms. Saurage.

As an initial matter, opposer's contention that the motion for discovery sanctions is untimely is not well-taken.  Compare Trademark Rules 2.120(e)(1) and 2.120(g).  The motion was filed more than ten months after the issuance of the Board's March 30, 2006 order compelling discovery.  However, following an agreed extension, further responses were not served until May 15, 2006.  Less than three weeks later, applicant appointed new counsel and sought suspension of this case for settlement negotiations.  The granted suspension ran for the time between the issuance of the Board's June 6, 2006 order and the resumption of proceedings on December 6, 2006.  Upon resumption of proceedings, applicant promptly and repeatedly raised concerns regarding the sufficiency of those further responses.  Unable to resolve its dispute with opposer, applicant filed the motion for discovery sanctions less than two months after the resumption of proceedings and more than a month prior to the close of the discovery period, as last reset by way of the

Board's January 24, 2007 order.  Under such circumstances, we find that there was no unreasonable delay in applicant's filing of the motion for discovery sanctions and that such motion was timely.

In addition, opposer's contention that neither the Board nor applicant warned opposer that it "faced possible sanctions in the future" is untenable and incorrect.  Unlike a motion to compel discovery, there is no requirement that a party make a good faith effort to resolve the parties' dispute prior to filing a motion for entry of discovery sanctions.  See Trademark Rule 2.120(g) TBMP Section 527 (2d ed. rev. 2004).  Under Trademark Rule 2.120(g)(1), if a party fails to comply with a Board order compelling discovery, the Board may order appropriate sanctions as defined in that rule and in Fed. R. Civ. P. 37(b)(2), including entry of judgment.  See *MHW Ltd. v. Simex, Aussenhandelsgesellschaft Savelsberg KG,* 59 USPQ2d 1477 (TTAB 2000); TBMP Section 527.01(a) (2d ed. rev. 2004).[1] The sanctions which may be entered by the Board pursuant to Rule 2.120(g)(1) include striking all or part of the pleadings of the disobedient party; refusing to allow the disobedient party to support or oppose designated claims or defenses; prohibiting the disobedient party from introducing

---

[1] The parties and their counsel are presumed to be familiar with the Trademark Rules of Practice.

designated matters in evidence; and entering judgment against the disobedient party.  See TBMP Section 527.01(a) (2d ed. rev. 2004).

Further, the Board, in the March 30, 2006 order compelling additional discovery responses by opposer, clearly and unambiguously stated that, if opposer failed to comply with that order, applicant's remedy would lie in a motion for sanctions under Trademark Rule 2.120(g)(1).  See March 30, 2006 order at 12, fn. 6.

The March 30, 2006 order granted applicant's motion to compel in part, and directed opposer to serve, within thirty days, further responses to request for admission no. 16, interrogatory nos. 4, 9, 18, 21, and 30, and document request nos. 20 and 27-30.  The Board further directed opposer "to select, designate and identify the items and documents, or categories of items and documents, to be produced in response to document request nos. 20 and 27-30 and to notify applicant that the selection, designation and identification of such items and documents has been completed," again with a deadline of thirty days to comply. March 30, 2006 order at 12.

It was incumbent upon opposer to comply fully with the Board order in a timely manner.  Although opposer timely served responses and produced roughly 300 pages of documents, that document production, we find, was

incomplete. For example, instead of producing complete copies of sales proposals that opposer sent to prospective clients, in compliance with document request no. 20, opposer provided only the cover pages thereof.

Moreover, the parties' exchanges of correspondence that took place between the resumption of proceedings on December 6, 2006 and the filing of applicant's motions on February 5, 2007 indicate that applicant repeatedly asked opposer to supplement the discovery responses at issue in the March 30, 2006 order without explicitly alleging noncompliance with that order. In a December 18, 2006 e-mail, applicant's attorney requested that opposer's attorney "double-check the completeness" of opposer's document production regarding various topics, including actual confusion (interrogatory no. 18), a current customer list and complete copies of sales proposals (document request no. 30), and copies of advertisements that appeared in media identified in opposer's response to applicant's interrogatory no. 17. Opposer's attorney responded to applicant's attorney in a January 7, 2007 e-mail wherein he indicated that he would "get back" to applicant's attorney "within a few days" with additional documents and information. Applicant's attorney then repeated his request in a January 9, 2007 e-mail and a January 12, 2007 letter to opposer's attorney. As revealed by the above referenced exchanges, applicant repeatedly

sought production of the categories of documents at issue in that order, and opposer had only minimally supplemented its document production in compliance with the March 30, 2006 order prior to applicant's filing of the motion for discovery sanctions. Opposer's production of roughly 1,100 pages of additional documents with its response in opposition to the motion for discovery sanctions demonstrates that the prior production of only 300 pages of additional documents was insufficient. In addition, production of these additional documents only after being served with a motion for discovery sanctions clearly does not constitute timely discharge of its obligation to supplement its discovery responses and comply with the Board's order compelling production.

It is clear from the record that opposer improperly delayed complying with the March 30, 2006 order. In view of the repeated requests from applicant, opposer's argument that any failure to comply with that order was inadvertent and does not warrant entry of sanctions is unconvincing. Opposer's failure to produce additional documents in compliance with that order, until faced with a motion for discovery sanctions, demonstrates an intent to obstruct applicant's receipt of information and documents that the Board had already determined are discoverable in this proceeding. As such, we find that entry of a discovery

sanction against opposer for its failure to comply with the March 30, 2006 order is warranted.

In view thereof, applicant's motion for entry of discovery sanctions for failure to comply with the March 30, 2006 order is granted. Opposer is precluded from using as evidence at trial any information or documents related to alleged instances of actual confusion, the alleged relatedness of the services at issue, and the alleged overlap of purchasers thereof that were in its possession, custody, and control, but were not produced prior to applicant's filing of the motion for discovery sanctions. To be absolutely clear, opposer may only introduce at trial, whether by testimony and related exhibits or by notice of reliance, when that option is available because of the nature of the documents, the information and documents that were provided to applicant in opposer's initial responses to applicant's discovery requests or in any supplemental responses prior to the filing of the motion for discovery sanctions.

With regard to the failure of Ms. Saurage to appear for a discovery deposition in compliance with the district court's subpoena, such subpoena was issued by the district court on January 8, 2007 and served on Ms. Saurage on

January 10, 2007.[2]  The subpoena "COMMANDED" that Ms. Saurage 1) appear for a discovery deposition and 2) produce and permit inspection and copying of specified documents on January 18, 2007 (emphasis in original).  On advice of opposer's attorney, however, Ms. Saurage ultimately did not comply with the subpoena.

Rather, applicant's attorney first inquired of opposer's attorney on December 18, 2006 about Ms. Saurage's availability for a discovery deposition.  After applicant's attorney repeated this inquiry on January 2, 2007, opposer's attorney responded, on January 7, 2007, that Ms. Saurage would only be available on January 17-19, 2007 in the Houston, Texas area; that applicant would be responsible for Ms. Saurage's testimony and travel time at a rate of $370 per hour; and that opposer "need[ed]" applicant's "express agreement regarding the same."  In a January 9, 2007 e-mail, applicant's attorney responded that it intended to pay Ms. Saurage "only the statutory witness fee and mileage" and indicated that applicant had caused the subpoena to issue. Applicant's attorney enclosed a copy of the subpoena with the January 9, 2007 e-mail.

---

[2] As a non-party, Ms. Saurage could not be deposed on notice alone, unless willing.  Thus, it was entirely appropriate for applicant to utilize a subpoena to secure her attendance at the discovery deposition.  See TBMP Section 404.03(a)(2) (2d ed. rev. 2004).

**Opposition No. 91162372**

Notwithstanding the issuance of the subpoena and service thereof upon Ms. Saurage, opposer's attorney, in a January 10, 2007 e-mail to applicant's attorney, stated that opposer was not inclined to "have Ms. Saurage appear for her deposition and/or testify until we receive your written assurances and a check in advance for 7 hours (or less if you decide) of testimony." In a January 12, 2007 letter, applicant's attorney then asked opposer's attorney to let applicant know if Ms. Saurage would not honor the subpoena, so as to avoid needless travel expense.

Finally, opposer's attorney, in a January 15, 2007 letter to applicant's attorney, stated that Ms. Saurage "will not be testifying until her fees and travel expenses are paid beforehand. <u>Accordingly, since you are unwilling to participate under such terms, we will assume Ms. Saurage's deposition is cancelled unless we hear from you otherwise before the end of today</u>." (emphasis in original).[3] However, the record does not indicate that either opposer or Ms. Saurage sought to have the subpoena quashed in the district court.

Under Trademark Rule 2.120(g)(2), if a party witness fails to attend a discovery deposition after receiving

---

[3] The record indicates further communications between the parties regarding Ms. Saurage's discovery deposition were limited to an exchange of e-mails between the parties' attorneys on January 26, 2007 that merely reiterated the parties' positions after the fact.

proper notice, and such party or the party's attorney or other authorized representative informs the party seeking discovery that no such attendance will take place, the Board may enter sanctions against that party. The sanctions available to the Board in such circumstances are identical to those that the Board may enter under Trademark Rule 2.120(g)(1). See TBMP Section 527.02(b) (2d ed. rev. 2004).

In the case at hand, Ms. Saurage is technically a non-party witness. Even if considered to be in the employ of opposer for purposes appurtenant to this proceeding, Ms. Saurage is not an officer, director or managing agent of opposer. Arguably, then Ms. Saurage cannot be sanctioned for failing to appear for her scheduled deposition. Moreover, if applicant wanted to seek a sanction against Ms. Saurage for her failure to appear at the deposition, it was incumbent on applicant to return to the court with jurisdiction over the subpoena. Nonetheless, opposer's counsel clearly prevented the deposition from proceeding by insisting on resolution of a fee dispute prior to the deposition.[4] Counsel's conduct is attributable in this

---

[4] Fed. R. Civ. P. 26(b)(4)(C) states that, "[u]nless manifest injustice would result," a party seeking discovery from an expert witness shall pay such expert "a reasonable fee for time spent in responding to discovery." However, at the time the subpoena was issued, Federal Rule 26(b)(4) did not apply in Board *inter partes* proceedings. See "Effect of December 1, 1993 Amendments to the Federal Rules of Civil Procedure on Trademark Trial and Appeal Board Inter Partes Proceedings," 1159 TMOG 14 (February 1, 1994); TBMP Section 401 (2d ed. rev. 2004). Although the Board, in

instance to opposer as a party. See, e.g., *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Syosset Laboratories, Inc. v. TI Pharmaceuticals*, 216 USPQ 330 (TTAB 1982); and *Williams v. The Five Platters, Inc.*, 510 F.2d 963, 184 USPQ 744 (CCPA 1975), *aff'g* 181 USPQ 409 (TTAB 1974).

The record indicates that Ms. Saurage received proper notice of her discovery deposition by way of the subpoena and that opposer's attorney informed applicant's attorney in the January 15, 2007 letter that Ms. Saurage would not attend such deposition. Instead of defying the subpoena, Ms. Saurage should have either complied fully therewith by appearing for that deposition or sought to quash that subpoena in the district court. Unless such subpoena was quashed, any fee dispute could have been resolved in the district court that issued the subpoena after the taking of the deposition, as it was in *Jenkins v. General Motors Corp.*, 164 F.R.D. 318 (N.D.N.Y. 1996), the specific decision upon which opposer's attorney relied in his January 7, 2007 e-mail to applicant's attorney in which he demanded that Ms. Saurage be paid $370 per hour for her testimony and travel

---

conjunction with a recent notice of rulemaking, has explicitly retracted the February 1, 1994 announcement, see "Miscellaneous Changes to Trademark Trial and Appeal Board Rules," 72 Fed. Reg. 42242, 42253 (August 1, 2007), so that Federal Rule 26(b)(4) now does apply to Board proceedings, its application is not retroactive. Thus, even if we presume that it would be reasonable and expected for applicant to pay some fee for the time Ms. Saurage would have to spend at the deposition, opposer's reliance on Rule 26(b)(4)(C) is misplaced.

time.[5]  Based on the foregoing, we find that entry of a discovery sanction against opposer for its counsel's role in ensuring that the witness would not appear for the scheduled discovery deposition is necessary.  We believe such sanction is appropriate under Trademark Rule 2.120(g)(2) but to the extent there is any question about our reliance on that rule, we also rely on the Board's inherent authority.  See *Central Manufacturing Inc. v. Third Millennium Technology Inc.*, 61 USPQ2d 1210 (TTAB 2001) (sanctions imposed under Board's inherent authority).  In *Central*, the Board discussed Supreme Court and District Court decisions explaining that inherent authority to sanction is independent of other sources of authority to sanction, such as Federal Rule of Civil Procedure 11 or, in the case at hand, Trademark Rule 2.120(g), and is used when applicable statutes or rules do not appear to cover a particular instance of bad conduct.  *Id.* at 1214.

In view thereof, applicant's motion for entry of a discovery sanction against opposer for its role in Ms. Saurage's non-appearance for her discovery deposition is granted.  Opposer is precluded from using as trial evidence the survey prepared by Ms. Saurage, any report summarizing

---

[5] Although *Jenkins* involved the issue of whether a party and its counsel were jointly and severally liable for costs incurred in litigation, it nonetheless was a case involving a fee dispute and illustrates that the fee dispute can always be settled after the deposition.

the results of that survey, or any testimony from Ms. Saurage. See *Weiss v. La Suisse, SA*, 293 F. Supp. 2d 397, 411 (S.D.N.Y 2003).

We turn next to applicant's motion to compel the appearance of opposer's employees Mark Bair, Harry Kerker and Pamela Negoro for discovery depositions that had been previously noticed. As an initial matter, we find that applicant made a good faith effort to resolve the parties' discovery dispute prior to seeking Board intervention, as required by Trademark Rule 2.120(e)(1). Further, we find that, despite extensive efforts by applicant to schedule the depositions at issue, opposer has failed to cooperate in the scheduling and taking of the discovery depositions at issue.

In view thereof, the motion to compel is granted. Opposer is allowed until thirty days from the mailing date set forth in the caption of this order to produce its employees Mark Bair, Harry Kerker and Pamela Negoro for discovery depositions.[6]

Proceedings herein are resumed. Under the circumstances, we deem it appropriate to allow opposer a discovery period roughly equal to the amount of time remaining in the discovery period when applicant filed the

---

[6] The Board expects that opposer will cooperate with respect to making the witnesses available for these discovery depositions, and in their providing appropriate responses to discovery. If the Board is forced again to consider a motion for sanctions, it is likely to impose as a sanction the dismissal of the opposition.

motions decided in this order, i.e., roughly six weeks, and to allow applicant an additional month in which to take discovery.  Accordingly, discovery and testimony periods are reset as follows.

Opposer's discovery period to close: **March 7, 2008**

Applicant's discovery period to close: **April 8, 2008**

Opposer's 30-day testimony period to close: **July 7, 2008**

Applicant's 30-day testimony period to close: **September 5, 2008**

Opposer's 15-day rebuttal testimony period to close: **October 20, 2008**

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.